648 So.2d 1241 (1995)
Gino PREMICI D/B/a Pazazz, Appellant,
v.
UNITED GROWTH PROPERTIES, L.P., Etc., Appellee.
No. 94-950.
District Court of Appeal of Florida, Fifth District.
January 20, 1995.
William C. Potter, of Potter, McClelland, Marks & Healy, P.A., Melbourne, for appellant.
R. Dean Cannon, Jr., of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
GRIFFIN, Judge.
Appellant Gino Premici, d/b/a Pazazz ["Premici"], timely appeals a final judgment awarding its landlord, United Growth Properties ["United"], money damages subsequent to the entry of a default for possession of a retail premises.
In August 1990, Premici, a clothing boutique, entered into a lease agreement with United's predecessor in interest to become a tenant in Beach Plaza, a shopping center in Brevard County. In December 1991, and in January and March 1992, the plumbing system in Beach Plaza allegedly malfunctioned, causing human sewage to overflow from toilets located on the premises of other tenants in Beach Plaza, and to flood the Premici *1242 premises, causing damage. In January 1993, Premici filed suit for damages.
In May 1993, Premici ceased paying rent. On December 16, 1993, United filed a two-count counterclaim for money damages and eviction. United demanded $21,144.76 in back rent, plus interest, for the lease period between May and December 1993 and demanded the immediate possession of the property. United moved to "bifurcate" the complaint from the counterclaim on the ground that the causes of action were separate and distinct and that United was entitled to summary procedure on the issue of Premici's failure to pay rent. The trial court granted United's motion.
Premici answered United's counterclaim and asserted several affirmative defenses. Among them, Premici claimed constructive eviction and asserted that the damage to his business premises due to the landlord's fault was such that he was unable to pay rent as it came due. Also, Premici alleged that the landlord agreed to allow him to continue operating his business without paying rent until his right to damages was decided.
United next filed a "Motion for Determination of Rent Due and Payment of Rent Into Registry of Court." In that motion, United requested that, pursuant to section 83.232, Florida Statutes (1993), the court should determine the amount of rent due and order Premici to pay the rent due into the registry of the court pending disposition of the case. The court ordered that $28,886.35 was due and payable to the registry of the court on or before March 4, 1994, and that $2,870.83 was due and payable each month thereafter.
On March 8, 1994, United filed an "Emergency Motion for Default," alleging that Premici failed to pay the rent due into the registry of the court. United maintained that Premici's failure to pay the rent into the registry of the court constituted a waiver of all defenses and entitled United to an immediate default for possession without further notice or hearing. On March 8, 1994, the trial court entered a Default against Premici for possession of the premises in favor of United for failure to pay the rent due into the registry of the court. The trial court reserved ruling on the issue of costs, damages and fees for hearing or trial, and a trial was apparently scheduled for May 1994.
Nevertheless, on March 24, 1994, before such trial could be held, United moved for Entry of Final Judgment alleging that the default entered against Premici operated as an admission of all well pleaded allegations in the counterclaim and waived all of Premici's defenses. United thus requested an immediate Final Judgment against Premici for damages, costs and attorneys' fees. On March 30, 1994, without receiving evidence, the trial court entered a Final Judgment in favor of United in the amount of $29,757.18, plus interest. Premici contends that the lower court erred in entering judgment based on his "default" in failing to deposit rent into the registry of the court. We agree and reverse.
The key issue in this appeal concerns the interpretation of section 83.232, Florida Statutes, a new procedure governing commercial tenancies, enacted in 1993;
83.232. Rent paid into registry of court. 
(1) In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, and any rent accruing during the pendency of the action, when due, unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges as unpaid. Unless the tenant disputes the amount of accrued rent, the tenant must pay the amount alleged in the complaint into the court registry on or before the date on which his answer to the claim for possession is due. If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the day that the court makes its determination. The court may, however, extend these time periods to allow for later payment, upon good cause shown. Even though the defense of payment or satisfaction has been asserted, the court, in its discretion, may order the tenant to pay into the court *1243 registry the rent that accrues during the pendency of the action, the time of accrual being as set forth in the lease. If the landlord is in actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises, the landlord may apply to the court for disbursement of all or part of the funds so held in the court registry.
(2) If the tenant contests the amount of money to be placed into the court registry, any hearing regarding such dispute shall be limited to only the factual or legal issues concerning:
(a) Whether the tenant has been properly credited by the landlord with any and all rental payments made; and
(b) What properly constitutes rent under the provisions of the lease.
(3) The court, on its own motion, shall notify the tenant of the requirement that rent be paid into the court registry by order, which shall be issued immediately upon filing of the tenant's initial pleading, motion, or other paper.
(4) The filing of a counterclaim for money damages does not relieve the tenant from depositing rent due into the registry of the court.
(5) Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon [emphasis added].
United argues that the legislature stated quite clearly that the failure to pay rent into the registry of the court shall be deemed an absolute waiver of tenant's defenses. United's related contention is that, where a landlord seeks both possession and money damages, section 82.232 operates first to secure the possession through default, and once that default is entered, section 82.231, Florida Statutes permits the trial court immediately to award the landlord his claimed money damages.[1] Premici claims that subsection (5) is only intended to waive defenses to possession and will only permit the landlord to obtain a default for possession, not a final judgment on the landlord's claim for money damages. He urges he is entitled to a trial of his defenses to payment of rent.
Although United cannot be blamed for attempting to take advantage of the unfortunate drafting of this statute, we cannot accept its interpretation of this provision. Reading the language of section 83.232 in context, especially in light of its legislative history, it becomes clear that Premici's interpretation of the statute is the correct one. Further, as the facts of this case amply illustrate, United's interpretation of the statute leads to absurd results.
The statute is designed to remedy the problem of commercial tenants remaining on the premises for the duration of litigation without paying the landlord rent.[2] Though poorly structured, the sentence following the one on which United relies clarifies that the waiver of defenses results in a default for possession. Even if it were constitutionally permissible to require a deposit of rents due in the past and in the future as a condition of litigating defenses to a rent claim, that is not what the statutory scheme contemplates. The statute means to say that, if you do not claim you have paid the rent already, you must deposit rent into the court registry in order to preserve your right to remain on the premises. Case law interpreting the similar provision in the residential tenancy statute *1244 has clarified that the tenant only loses his right to retain possession of the premises if he fails to pay rent into the court registry. K.D. Lewis Enterprises Corp. v. Smith, 445 So.2d 1032, 1035 (Fla. 5th DCA 1984). After awarding possession to United, the lower court should have tried all remaining issues before entering a final judgment.
REVERSED and REMANDED.
COBB and W. SHARP, JJ., concur.
NOTES
[1] Section 83.231 provides:

83.231 Removal of tenant; judgment.  If the issues are found for plaintiff, judgment shall be entered that he recover possession of the premises. If the plaintiff expressly and specifically sought money damages in the complaint, in addition to awarding possession of the premises to the plaintiff, the court shall also direct, in an amount which is within its jurisdictional limitations, the entry of a money judgment in favor of the plaintiff and against the defendant for the amount of money found due, owing and unpaid by the defendant, with costs. However, no money judgment shall be entered unless service of process has been effected by personal service ... and no money judgment may be entered except in compliance with the Florida Rules of Civil Procedure ... If the issues are found for defendant, judgment shall be entered dismissing the action.
[2] Fla. Senate Comm. on Judiciary, Staff Report on Non-Residential Landlord Tenant Law (Jan. 1993).