947 So.2d 490 (2006)
214 MAIN STREET CORP., a New York corporation, and 3B Realty North, Inc., a New York corporation, Appellants,
v.
Perry TANKSLEY, Appellee.
No. 2D06-768.
District Court of Appeal of Florida, Second District.
November 15, 2006.
Rehearing Denied January 19, 2007.
Adam Mohammadbhoy of Harllee & Bald, P.A., Bradenton, for Appellants.
Michael Moran and Susan J. Silverman, Sarasota, for Appellee.
FULMER, Chief Judge.
The Appellants, 214 Main Street Corp. and 3B Realty North, Inc. ("Landlords"), challenge the trial court's "Order Vacating and Setting Aside Default and Dissolving Writ of Possession." Because the Landlords were entitled to the default and writ of possession when the tenant, Perry Tanksley, failed to make a timely payment *491 of rent into the court registry, we reverse the trial court's order and remand for further proceedings.
This action arises out of a dispute over the terms of a lease agreement regarding commercial property in Sarasota. Tanksley leased the property in 2001. In 2005 Tanksley filed a "Complaint for Declaratory Judgment" seeking construction of the terms of the lease agreement. The Landlords filed a counterclaim for eviction and damages, including unpaid rent. The Landlords later filed a motion to require Tanksley to pay rent into the court registry. After a hearing on that motion, on July 15, 2005, the trial court entered an order requiring Tanksley to deposit $6128.24 into the court registry by July 20, 2005. The order further required Tanksley "to pay rent that accrues during the pendency of this action into the court registry in the amount of $743.93 per month payable in advance on the first (1st) day of each calendar month."
Tanksley deposited $6872.17 into the court registry on July 20, 2005, representing the initial $6128.24 plus $743.93 for August 2005 rent. Tanksley deposited $1487.86 into the court registry on September 8, 2005, which represented rent for September and October 2005. After Tanksley failed to pay the November rent into the court registry by the first of November, the Landlords filed on November 3, 2005, their "Ex-Parte Motion for Default and Immediate Possession," citing section 83.232(5), Florida Statutes (2005). The motion was not served on Tanksley or Tanksleys attorney.
On November 9, 2005, the trial court, without giving prior notice to Tanksley, entered an "Ex-Parte Order of Default for Immediate Possession," granting the Landlords' motion and ordering the clerk to issue a writ of possession removing Tanksley from the leased premises. On November 14, 2005, the clerk of court issued a writ of possession, which was delivered by counsel for the Landlords to the Sarasota County Sheriff's Department.
The order and the writ were sent to Tanksley and his attorney. Upon receipt of the order, Tanksley, on November 14, 2005, filed a "Motion to Set Aside Default and Default Judgment." Tanksley asserted that after depositing two months' rent in September, he had inadvertently marked his calendar to show the next deposit was due in December 2005 instead of November 2005. He requested the trial court to enter an order staying the writ of possession.
The same day as the filing of Tanksleys motion to set aside default, on November 14, 2005, the trial court entered an "Order Staying Writ of Possession," noting that Tanksley paid two months' rent, for November and December 2005, into the court registry. The order stayed the writ until Tanksleys motion could be heard.
Tanksley later filed an "Amended Motion to Set Aside Default and Vacate Judgment; to Dissolve Writ of Possession; and for Sanctions." In his amended motion, he argued that the trial court's order should be vacated: (1) for lack of notice to him of the Landlords' motion for default and immediate possession; (2) because waiver of defenses are extreme sanctions; (3) because Tanksley's failure to comply with the trial court's order was due to mistake, inadvertence, surprise, excusable neglect or the Landlords' misconduct; and (4) because Tanksley had a meritorious defense to the Landlords' claim for possession and damages. Tanksley also requested sanctions against the Landlords and their counsel.
After a hearing, the trial court entered the "Order Vacating and Setting Aside Default and Dissolving Writ of Possession," *492 which is the subject of this appeal. The trial court determined that it had the discretion and authority to consider a meritorious argument concerning why the November payment was made later than the date provided in the court order. The trial court excused Tanksley from the requirement that the November rent be paid into the court registry on the first day of the month, and ordered that the default and the judgment for possession be set aside and the writ of possession be dissolved. The court denied Tanksleys request for the imposition of sanctions.
The Landlords' first point on appeal pertains to whether Tanksley was entitled to any notice of the Landlords' motion for immediate possession. It is unnecessary to resolve this issue because Tanksley ultimately had notice of the motion and was given the chance to argue his position before the order under review was entered. Therefore, the notice issue does not determine the outcome here, and we decline to issue an advisory opinion on this issue.
The Landlords next argue that Tanksley's failure to pay rent as previously ordered by the court entitled them to possession of the property. We agree. Section 83.232 governs rent payments into the court registry in an action by a landlord of a nonresidential tenancy which includes a claim for possession. Subsection (5) provides: "Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon." § 83.232(5).
Cases addressing this statute support the view that the Landlords here are entitled to a writ of possession. See City of Miami v. Smith, 698 So.2d 320 (Fla. 3d DCA 1997) (stating that county judge was required to issue an immediate writ of possession pursuant the mandatory terms of section 83.232(5)); Chartier v. Sherman, 672 So.2d 604 (Fla. 3d DCA 1996) (denying certiorari relief to tenant and upholding default under section 83.232(5) where tenant failed to abide by terms of stipulated agreement that rent be paid directly to landlord during pendency of litigation); Courthouse Tower, Ltd. v. Manzini & Assocs., 683 So.2d 215 (Fla. 3d DCA 1996) (granting mandamus relief and requiring trial court to issue immediate writ of possession as required by section 83.232(5)); Premici v. United Growth Props., L.P., 648 So.2d 1241 (Fla. 5th DCA 1995) (interpreting section 83.232(5) as resulting in waiver of defenses for possession claim only, not rent claim).
These cases do not provide a clear answer to the specific question presented here, however, which is whether the trial court retains the discretion to excuse the late payment of rent into the court registry based on a finding of excusable neglect. To answer this question we rely on the plain meaning of section 83.232(5), which indicates that the legislature intended that a landlord's right to possession be absolute. The statute does not allow for a procedure whereby a trial court may excuse the tenant's noncompliance with its prior order. Therefore, we conclude that the trial court erred in setting aside the default and writ of possession based upon the finding that the late November payment was the result of excusable neglect.
Reversed and remanded for further proceedings.
WHATLEY and WALLACE, JJ., Concur.