988 So.2d 666 (2008)
John F. BLANDIN, as Lessor, Appellant,
v.
BAY PORTE CONDOMINIUM ASSOCIATION, INC., Keith Bean, Stefan Seemeyer, Charles Souza, Claire Souza and Sharon Souza, Aldo Glussich Revocable Living Trust & Lena Glussich Revocable Living Trust, Marion Hasterok, Kenneth Offenther, and Gale M. Butler, Appellees.
Nos. 4D07-4833, 4D08-146.
District Court of Appeal of Florida, Fourth District.
July 23, 2008.
*667 Mitchell W. Berger, Fred O. Goldberg, and Jeffrey S. Wertman, Berger Singerman, P.A., Fort Lauderdale, for appellant.
George J. Lott, Lott & Levine, Miami, for appellee Bay Port Condominium Association, Inc.
George M. Evans, Law Offices of George M. Evans, P.A., Coral Gables, for appellees Keith Bean, Stefan Seemeyer, Charles Souza, Claire Souze and Sharon Souza, Aldo Glussich Revocable Living Trust & Lena Glussich Revocable Living Trust, Marion Hasterok, Kenneth Offenther, Todd Adams Butler and Gale M. Butler.
GERBER, JONATHAN D., Associate Judge.
These consolidated appeals present the question of whether section 83.232, Florida Statutes, allows a trial court the discretion to excuse a tenant's failure to pay rent timely pursuant to court order. We conclude that the plain language of the statute does not allow a trial court to exercise such discretion.
The landlord, John Blandin, owns land upon which sits a ten-unit condominium building. In 1971, Blandin entered into a 99-year land lease with the building's developer. As individuals purchased the ten units, the developer assigned its interest under the land lease to those purchasers. The land lease requires each unit owner to pay an annual ground rent payable in equal monthly installments to their condominium association, which, in turn, would pay Blandin. The land lease also included a rent escalation clause which allowed Blandin to increase the rents from time to time based upon the consumer price index.
In late 2006, Blandin notified the association and unit owners that he was increasing the rent pursuant to the rent escalation clause. When the unit owners failed to pay the rents, Blandin sent the unit owners a three-day notice. When the unit owners still failed to pay, Blandin filed a complaint for breach of the land lease, seeking possession and damages.
The unit owners moved to have the trial court determine the amount of the accrued rent that should be placed in the court registry pursuant to section 83.232. On August 22, 2007, the trial court ordered the unit owners to continue paying rent on a monthly basis at the prior monthly rental amounts until the trial court could determine an issue relating to the rent escalation amount. The trial court also ordered, pursuant to the parties' stipulation, that the unit owners would pay the rent directly to Blandin or Blandin's counsel rather than into the court registry.
On November 2, 2007, Blandin filed a motion for immediate final default judgment of possession. The motion alleged that the unit owners had not paid the rents for October and November. On November 7, 2007, the association's management company wrote a letter to the trial court taking the blame for the missed payments. The management company explained that the association had just hired the company to provide administrative and financial services, and that the company had been waiting to determine an accurate bank balance before writing any checks. The company requested the trial court not to penalize the unit owners for the delay.
*668 After a hearing on November 14, 2007, the trial court denied Blandin's motion for immediate final judgment of possession, finding that, while the October and November payments were untimely, the management company's letter constituted good cause to allow for later payment. The trial court ordered Blandin to accept checks for the October and November payments which the association tendered at the hearing, and to continue accepting all future monthly payments during the pendency of the action. Blandin appealed that order to this court.
While that appeal was commencing, Blandin filed a second motion for immediate final default judgment of possession on November 27, 2007. The motion alleged that the association's bank did not honor the checks tendered at the hearing. The association filed a response stating that the checks were not honored because the person who signed the checks for the association was not an authorized signatory. The association also filed an affidavit stating that the association's account had sufficient funds. On November 30, 2007, the association sent replacement checks to Blandin's counsel's office, but one of the replacement checks did not have any signature. When the association's secretary went to the office to sign the check, Blandin's counsel refused the signature.
On December 12, 2007, the trial court granted Blandin's second motion for immediate final default judgment of possession, finding that the association and the unit owners did not show good cause to further extend the time period for payment and had waived their defenses to the possession action. The trial court also concluded that it did not have the discretion to further extend the period for payment, and that Blandin was entitled to an immediate final default judgment for possession. After the association and unit owners expressed their intent to appeal that order, Blandin agreed to defer seeking any writs of possession. The association and unit owners subsequently filed an appeal, which this court consolidated with Blandin's appeal.
This court reviews questions of statutory interpretation de novo. Dep't of Revenue ex rel. Jackson v. Nesbitt, 975 So.2d 549, 550 (Fla. 4th DCA 2008). Under the principle of statutory construction referred to as in pari materia, a provision should "be construed as a whole in order to ascertain the general purpose and meaning of each part; each subsection, sentence, and clause must be read in light of the others to form a congruous whole." Bush v. Holmes, 919 So.2d 392, 406-07 (Fla.2006) (citation omitted).
Section 83.232, Florida Statutes, provides, in pertinent part:
(1) In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, and any rent accruing during the pendency of the action, when due, unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges as unpaid. Unless the tenant disputes the amount of the accrued rent, the tenant must pay the amount alleged in the complaint into the court registry on or before the date on which his or her answer to the claim for possession is due. If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the day that the court makes its determination. The court may, however, extend these time periods to allow for later payment, upon good cause shown. . . .

*669 * * *
(5) Failure of the tenant to pay into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.
The association and unit owners argue that subsections (1) and (5), read in pari materia, provide a trial court with absolute discretion to extend the time period for a court-ordered payment, regardless of whether the trial court grants the extension before or after the day on which the court first ordered the payment was due. However, this court's reading of subsections (1) and (5), in pari materia, indicates that a trial court has the discretion to extend the time for a court-ordered payment only before the day on which the court first ordered the payment was due, not after. Although subsection (1) allows a trial court to extend the payment periods referenced therein upon good cause shown, that subsection does not state when the trial court may exercise that discretion. Subsection (5), however, provides that a tenant's failure to pay into the court registry pursuant to a court order results in an "absolute" waiver of the tenant's defenses, entitling the landlord to an "immediate" default for possession, "without further notice or hearing." Allowing a trial court to grant an extension after the tenant has failed to timely pay pursuant to a court order would render the above-quoted terms in subsection (5) meaningless. Instead of facing an "absolute" waiver of its defenses "without notice or hearing," the tenant would be able to present its defenses, presumably at a hearing, as occurred below here. Instead of the landlord being entitled to an "immediate" default for possession, the landlord would have to wait until the trial court heard the tenant's defenses, all while continuing to be deprived of rent. Such an outcome would contravene clear legislative intent. See Premici v. United Growth Props., L.P., 648 So.2d 1241, 1243 (Fla. 5th DCA 1995) (section 82.232 "is designed to remedy the problem of ... tenants remaining on the premises for the duration of the litigation without paying the landlord rent."). In sum, after a tenant fails to timely pay pursuant to a court order, the court has no discretion other than to enter an immediate default for possession without further notice or hearing thereon.
This court's decision is in accord with those of our sister courts. In 214 Main Street Corp. v. Tanksley, 947 So.2d 490 (Fla. 2d DCA 2006), the Second District also was presented with the question of whether the trial court retains the discretion to excuse the late payment of rent into the court registry based on a finding of excusable neglect. The Second District responded:
To answer this question we rely on the plain meaning of section 83.232(5), which indicates that the legislature intended that a landlord's right to possession be absolute. The statute does not allow for a procedure whereby a trial court may excuse the tenant's noncompliance with its prior order.
947 So.2d at 492. See also City of Miami v. Smith, 698 So.2d 320 (Fla. 3d DCA 1997) ("Pursuant to the mandatory terms of section 83.232(5), ... the county court judge was required to issue an immediate writ of possession for the premises involved in this case.").
In the instant case, it was undisputed that the association and the unit owners failed to timely pay the October and November rents pursuant to the trial court's August 22, 2007 order. Therefore, in reviewing Blandin's first motion for immediate final default judgment of possession, *670 the trial court erred by exercising its discretion over whether the management company's letter constituted good cause to allow for later payment. The trial court had no discretion other than to grant Blandin's motion. The trial court was correct to grant Blandin's second motion for immediate final default judgment of possession, but did so for the wrong reason. That is, the trial court granted the motion after exercising its discretion to find that the association and the unit owners did not show good cause to further extend the time period for payment. Again, the trial court had no discretion other than to grant Blandin's motion. While this court appreciates that the trial court, in both instances, sought to exercise its discretion out of fairness, a trial court may not decline to follow controlling law on the ground that it may consider its application inequitable in a particular case. Courthouse Tower, Ltd. v. Manzini & Assocs., 683 So.2d 215 (Fla. 3d DCA 1996) (citation omitted).
Though not necessary to have prevailed on his appeal, Blandin asks this court to go one step further and find that, under section 83.232, a trial court has the discretion to allow a pre-deadline extension only for the first court-ordered payment, but not for further court-ordered payments. Blandin relies upon that portion of subsection (1) which states (with italics added here), "If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the day that the court makes its determination. The court may, however, extend these time periods to allow for later payment, upon good cause shown." According to Blandin, the only payment for which subsection (1) allows an extension is the payment due on "the day that the court makes its determination," but no other court-ordered payments due later.
The plain language of section 82.232 contradicts Blandin's argument. Subsection (1) allows a court to extend "these time periods" stated in the plural (italics added here). Use of the plural means that subsection (1) refers not only to a possible extension for the payment due on "the day that the court makes its determination," but also to possible extensions for payment of "any rent accruing during the pendency of the action, when due," and "the amount alleged in the complaint . . . on or before the date on which his or her answer to the claim for possession is due."
The association and unit owners' other arguments are without merit and we choose not to address them here. Based on the foregoing, the trial court's order denying Blandin's first motion for immediate final default judgment of possession is REVERSED, and the trial court's order granting Blandin's second motion for immediate final default judgment of possession is AFFIRMED. This court remands for the issuance of immediate writs of possession pursuant to the mandatory terms of section 83.232(5).
STONE and HAZOURI, JJ., concur.