SCHWARTZ, Senior Judge.
 

 Upon the lessee’s failure to timely deposit a monthly rental payment into the registry as required by court order
 
 [1]
 
 under section 83.232, Florida Statute, the petitioner — landlord was absolutely entitled to an ex parte, immediate default for a writ of possession of the premises by section 83.232(5), Florida Statute.
 
 [2]
 

 See Key Largo Watersports, Inc. v. Whitehurst Family P’ship,
 
 954 So.2d 1278 (Fla. 3d DCA 2007);
 
 214 Main St. Corp. v. Tanksley,
 
 947 So.2d 490 (Fla. 2d DCA 2006);
 
 Courthouse Tower, Ltd. v. Manzini & Assoc.,
 
 683 So.2d 215 (Fla. 3d DCA 1996).
 
 See also Miami Subs Real Estate
 
 Corp.
 
 v. Manhattan House, Inc.,
 
 973 So.2d 593 (Fla. 3d DCA 2008)(per curiam). Because the trial court refused, after an adversarial hearing which was itself unauthorized, to issue the writ and, notwithstanding such wholly irrelevant facts as that the payment was subsequently tendered,
 
 see Main St. Corp.,
 
 947 So.2d at 492, we grant the present application for mandamus and order that a writ of possession issue forthwith.
 
 See Main St. Corp.,
 
 947 So.2d at 492;
 
 Courthouse Tower, Ltd,
 
 683 So.2d at 215.
 
 See also Com
 
 
 *1169
 

 coa, Inc. v. Coe,
 
 587 So.2d 474 (Fla. 3d DCA1991).
 

 Mandamus granted.
 
 [3]
 

 [1]
 

 . The payment was due February 1, 2009, the landlord sought, filed an ex parte motion for possession on February 2, 2009. The tenant did not tender a payment until February 5, 2009.
 

 [2]
 

 .
 
 § 83.232(5), Fla. Stat. provides:
 

 Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entided to an immediate default for possession without further notice or hearing thereon.
 

 [3]
 

 . This decision takes effect immediately without regard to the filing or disposition of any motion for rehearing.