WARNER, J.
 

 In this commercial landlord/tenant dispute, a landlord petitions for mandamus, seeking an immediate default and writ of possession based on the tenant’s failure to timely pay rent into the court registry in accordance with the trial court’s order entered under section 83.232, Florida Statutes. Although the tenant paid the rent into the registry, it paid after the due date set forth in the lease. Because the tenant failed to comply with the statutory requirements, the court has a ministerial duty to provide the remedies set forth in the statute. We grant the petition.
 

 The tenant fell more than $50,000 behind in rent under two lease agreements for two office suites. The landlord filed suit in Broward County Circuit Court. In accordance with landlord’s motion for deposit of rents pursuant to section 83.232, Florida Statutes, the trial court held a hearing in February and ordered the tenant to pay the February rent into the court registry and “to continue to do so until further Court Order on a monthly basis.” The court did not order the defendant to deposit the rent on any particular day. The lease provided that rent was “due” on the first of each month, although its provisions also allowed a grace period of ten days during which the tenant would be charged additional interest of 12%. The tenant posted the rent on or about the 7th of the month for three months: March, April, and May 2010.
 

 On June 2, 2010, when rent was not yet deposited, the landlord filed a motion for default and immediate writ of possession.
 
 See
 
 § 83.232(5), Fla. Stat. (2009). On June 3, 2010, the tenant deposited rent. The trial court deferred ruling on the landlord’s motion for default pending an evi-dentiary hearing. The landlord then filed this petition for writ of mandamus.
 

 Section 83.232 requires the tenant to pay into the court registry its rent to forestall possession of the premises by the landlord during a pending eviction proceeding. It provides:
 

 (1) In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in the complaint as unpaid ...
 
 and any rent accruing during the pendency of the action, when due,
 
 unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges as unpaid.... Even though the defense of payment or satisfaction has been asserted, the court, in its discretion, may order the tenant to pay into the court registry the rent that accrues during the pendency of the action,
 
 the time of accrual being as set foHh in the lease.
 
 If the landlord is in actual danger of loss of the premises or other hardship resulting from the loss of rental income from the premises, the landlord may apply to the court for disbursement of all or part of the funds so held in the court registry.
 

 (emphasis supplied).
 

 When a tenant fails to pay in accordance with the statute, the landlord is entitled to immediately secure possession of the premises:
 

 (5) Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case,
 
 the landlord is entitled to an immediate default for possession without fuHher notice or hearing thereon.
 

 (emphasis supplied).
 

 The tenant argues that because the lease contained a grace period for payment of rent, a petition for mandamus is not appropriate where the court did not
 
 *39
 
 state a specific date for payment in its order. However, the statute itself provides the date of payment. The tenant is required, even without court order, to make payments into the registry of the court
 
 when due.
 
 Where the court enters an order requiring payment, those payments are also to be made as they accrue, “the time of accrual being as set forth in the lease.” § 88.232(1), Fla. Stat. Rent accrues on its due date.
 
 Cf. MLH Prop. Managers, Inc. v. Cox,
 
 618 So.2d 1358 (Fla. 4th DCA 1993).
 

 Where the tenant has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing. The trial court exercises no discretion, and the landlord is entitled to the issuance of the writ of possession as a matter of right.
 
 See, e.g., Blandin v. Bay Porte Condo. Ass’n,
 
 988 So.2d 666, 669-70 (Fla. 4th DCA 2008);
 
 Kosoy Kendall Assocs., LLC v. Los Latinos Rest. Inc.,
 
 10 So.3d 1168 (Fla. 3d DCA 2009). Although the result may seem harsh in a case like this, there is no equitable exception to the statute.
 
 See Courthouse Tower, Ltd. v. Manzini &
 
 Assocs., 683 So.2d 215 (Fla. 3d DCA 1996).
 

 We therefore grant the petition for mandamus. We withhold the issuance of the writ, as we are assured that the trial court will act in accordance -with this opinion and issue the writ of possession to the landlord. We note that the landlord is entitled to a default for possession in accordance with section 83.232(5), not disbursement of the deposited funds.
 
 See Premici v. United Growth Props., L.P.,
 
 648 So.2d 1241 (Fla. 5th DCA 1995).
 

 GROSS, C.J., and FARMER, J., concur.