PER CURIAM.
Commercial landlord Palm Beach Marketplace, LLC, asks this court to compel the trial court to enter a default and writ of possession in its favor. We grant the petition because the tenant, Aleyda’s Mexican Restaurante, Inc., failed to comply with the statutory requirements of section 83.232, Florida Statutes. We recognize the tenant’s dispute about when the rental payment was due; however, the landlord pointed to the terms of the lease which provide for payment to be made on the first of the month despite any course of conduct to the contrary. See §§ 83.232(1) & (5), Fla. Stat. (2011); Park Adult Residential Fac., Inc. v. Dan Designs, Inc., 36 So.3d 811, 812 (Fla. 3d DCA 2010); 214 Main St. Corp. v. Tanksley, 947 So.2d 490 (Fla. 2d DCA 2006). As the landlord demonstrates, the trial court has a ministerial duty to provide the remedies set forth in the statute. See Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp., 45 So.3d 37 (Fla. 4th DCA 2010). See also Famsun Invest, LLC v. Therault, 95 So.3d 961 (Fla. 4th DCA 2012); DTRS Intercontinental Miami, LLC v. A.K. Gift Shop, Inc., 77 So.3d 785 (Fla. 3d DCA 2011).
While we grant the mandamus petition, as in Poal, we withhold the issuance of the writ, as we are assured that the trial court will act in accordance with this opinion and issue the writ of possession to the landlord. Also as this court pointed out in Pool, the landlord is entitled to a default for possession in accordance with section 83.232(5), not disbursement of the deposited funds. 45 So.3d at 39 (citing Premici v. United Growth Props., L.P., 648 So.2d 1241 (Fla. 5th DCA 1995)).

Petition for writ of mandamus is granted.

POLEN, LEVINE and CONNER, JJ., concur.