DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE COVE & DEERFIELD BEACH, LLC,**
Petitioner,

v.

**R FAST, INC., HECTOR ALICIA,** and
**ALL OTHERS IN POSSESSION,**
Respondents.

No. 4D20-1782

[November 25, 2020]

Petition for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE20004831 (14).

Evan B. Berger of Becker & Poliakoff, P.A., Fort Lauderdale, for petitioner.

Robert P. Bissonnette of Robert P. Bissonnette, P.A., Fort Lauderdale, for respondents.

KUNTZ, J.

A landlord, The Cove & Deerfield Beach, LLC, petitions for the issuance of a writ of mandamus to require the circuit court to enter a default and writ of possession. We grant the petition.

The landlord filed a one-count eviction action in county court seeking to evict its tenant from a commercial building in Deerfield Beach. The county court issued a default but later vacated the default and transferred the case to the circuit court.

After the case was transferred to the circuit court, the tenant moved to determine rent. The court granted the motion and required the tenant to pay the rent into the court registry on the first day of each month.

One month, the tenant failed to timely do so, instead mailing the payment to the clerk of court two days before the due date. The clerk deposited the payment into the court registry one day after the due date.

The landlord moved for a default based on the untimely payment. The court rejected the landlord's attempt to obtain the default ex parte and later denied the motion after a hearing. The court found that: the tenant timely mailed the rent payment; there was no proof that it was not timely received by the clerk; a Florida Supreme Court administrative order provides that an emergency health condition exists; and other circuit court administrative orders provide that the court registry is not an "essential and critical proceeding."

This denial led the landlord to petition for mandamus, arguing "[t]here are few things in the law as clear as the requirement to deposit rent into the court registry on or before the deadline imposed by the court." The landlord argues that this Court has held that if the tenant fails to deposit the rent into the registry by the deadline, the controlling statute, section 83.232(5), Florida Statutes (2020), provides no discretion to the circuit court and requires the entry of a default.

In response, the tenant argues the landlord waived strict compliance with the statute when it allowed the tenant more time to pay an earlier monthly rent payment to the clerk. But the landlord did so because the courthouse was closed due to COVID-19. And the courthouse was open when the payment at issue was due. Further, the circuit court did not rely on waiver. Instead, the issue is whether the mailing of the rent payment to the clerk of court before the due date and the clerk's deposit of the rent payment one day after the due date is enough to comply with section 83.232(5).

We note two facts. First, as noted, the clerk of court was open on the due date. So the pandemic-related administrative orders do not affect the result in this case. Second, the tenant did not introduce evidence suggesting the clerk timely received the funds in the mail but failed to deposit the payment.

We agree with the landlord that the court had no discretion to deny the motion for default. *See Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp.*, 45 So. 3d 37, 39 (Fla. 4th DCA 2010) ("Where the tenant has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing.").

We recognize the result is harsh. But the reason for failing to tender payment on the first day of the month is not relevant. *See id.* ("Although the result may seem harsh . . . , there is no equitable exception to the

statute." (citing *Courthouse Tower, Ltd. v. Manzini & Assocs.*, 683 So. 2d 215 (Fla. 3d DCA 1996))). When a tenant fails to tender payment on or before the deadline, the court must issue a default for possession. *See, e.g., Park Adult Residential Facility, Inc. v. Dan Designs, Inc.*, 36 So. 3d 811, 813 (Fla. 3d DCA 2010) ("[T]he tenant failed to deposit the rent into the court registry on the date ordered. Regardless of the tenant's reason for failing to make the deposit, the trial court was statutorily required to enter an immediate default and writ of possession.").

Finally, we note that "the landlord is entitled to a default for possession in accordance with section 83.232(5), not disbursement of the deposited funds." *Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc.*, 103 So. 3d 911, 912 (Fla. 4th DCA 2012) (citation omitted).

We grant the petition but withhold issuance of the writ, as we are confident the circuit court will act in compliance with this opinion.

*Petition granted.*

WARNER and GROSS, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

3