DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NINTER GROUP USA, INC.,**
Appellant,

v.

**ZENASH LLC,**
Appellee.

No. 4D19-3662

[January 6, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case No. CACE-19-012253(05).

Cody L. Frank of Frank Law Firm, P.A., Fort Lauderdale, for appellant.

Douglas D. Stratton of Law Office of Douglas D. Stratton, PA, Miami Beach, for appellee.

PER CURIAM.

Appellant Ninter Group USA, Inc. appeals the trial court's final judgment of eviction and a writ of possession, entered pursuant to section 83.232(5), Florida Statutes (2019). The trial court found that Appellant had "failed to pay all of the rent due on the due date," entitling Appellee Zenash LLC to possession. Concluding that the trial court's final judgment is in accord with the statute and case law, we affirm. *See, e.g., Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc.*, 103 So. 3d 911, 912 (Fla. 4th DCA 2012); *Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp.*, 45 So. 3d 37, 38 (Fla. 4th DCA 2010); *214 Main St. Corp. v. Tanksley*, 947 So. 2d 490, 492 (Fla. 2d DCA 2006).

*Affirmed.*

FORST and KUNTZ, JJ., concur.
MAY, J., concurs specially with opinion.

MAY, J., specially concurring.

I concur with the majority based on our precedent but write to express my concern that the facts in this case beg for equitable relief.

Here, the landlord and tenant entered into a ten-year sublease agreement. On the third year of the lease, there was a 3% annual rent increase. The lease also provided that if a windstorm damaged the property and rendered it untenantable, the landlord had a right to repair the property within ninety days. If the property was not rendered tenantable by then, either party had the right to cancel the lease by notice in writing. The tenant's obligation to pay rent during that period "shall abate and terminate" as of the date of the casualty.

Hurricane Irma damaged the property and rendered it untenantable. In a prior lawsuit arising out of that damage, the parties reached a confidential mediated settlement agreement that required the tenant to repair the roof. The tenant claimed it was unable to do so because the landlord's prior repairs were done without a proper permit.

In April 2019, the landlord sued for eviction, alleging the tenant was in default and owed $6,695 for April. The landlord sought entry of a final judgment of eviction and a writ of possession. The tenant's amended answer and counterclaim asserted: (1) the landlord's breach of the settlement agreement and estoppel; and (2) the landlord's failure to ensure no code violations would prevent the tenant from obtaining permits to repair the premises. The landlord counterclaimed the tenant breached the settlement agreement by failing to pay rent after the rent-free period expired and breach for construction-related issues.

The case was transferred to circuit court.

The tenant moved for an evidentiary hearing to determine the amount of rent. In the motion, the tenant denied that it owed rent because the premises were not usable for its intended purpose. The tenant also asserted the landlord made it "impossible" to use the premises because of its failure to ensure there were no code violations.

The trial court held an evidentiary hearing and entered an order finding: (1) rent due from August 14, 2018, through August 13, 2019, was $6,695 per month; (2) rent from August 14, 2019, to August 13, 2020, was $6,895.85 per month; and (3) rent for August 2019 was $6,808.84.

In September 2019, the landlord moved for entry of default, a final judgment of possession, and a writ of possession under section 83.232(5), Florida Statutes (2019). The landlord asserted that before the court

entered the rent order, the tenant paid rent for August 2019 in the amount of only $6,695 and failed to pay the remaining balance of $113.84. The landlord also asserted the tenant paid only $6,695 of the $6,895.85 due for September. The landlord argued that under section 83.232(5), it was entitled to an immediate ex parte final judgment of possession.

The tenant responded and moved to strike the motion for default. Regarding the August 2019 rent, the tenant asserted that before the court entered the rent order, it had already deposited $6,695 into the court registry. The clerk's receipt attached to the tenant's response reflected the tenant deposited the remaining August rent on September 18, which was the day after the landlord moved for a default.

Regarding the September 2019 rent, the tenant asserted that because the clerk's office was closed on August 30 for a hurricane, the tenant was unable to pay the September rent. The tenant emailed the landlord's counsel on August 30th notifying him that he "tendered" the rent, but the clerk's office was closed. A copy of the $6,695 check was attached to the email. The landlord's counsel never advised the tenant of the incorrect amount of the September rent. The tenant deposited the check on September 4th when the clerk's office opened. The tenant later paid the remaining difference on September 18th.

At the time of the hearing, the full amounts of the August and September rent were in the court registry. When the court asked why the tenant had failed to initially pay the court-ordered amounts, the tenant's counsel responded that "it was the weekend of the hurricane being here," and counsel was unsure whether his client had a copy of the court order. The tenant had simply paid the same amount he had been previously paying. The court agreed the result was "inequitable under the circumstances," but case law held that a landlord was entitled to possession if payment was late.

The court entered an order granting the landlord's motion for default. The court found that it was "undisputed" that it entered the rent order on August 6, 2019, establishing the August 2019 rent of $6,808.84. And, although the tenant timely paid the $6,695 into the court registry on September 4th, that amount was less than the total amount due. "In essence, [the tenant] failed to pay all of the rent due on the due date," which entitled the landlord to possession under section 83.232(5). The court noted there was no equitable exception to the statute, and it had no

discretion to excuse the tenant's non-compliance. The court entered a final judgment of eviction and a writ of possession.[1]

Section 83.232 governs a nonresidential tenant's rent payments when a landlord sues for possession:

> In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, . . . . If the tenant contests the amount of accrued rent, the tenant must pay the amount determined by the court into the court registry on the day that the court makes its determination. *The court may, however, extend these time periods to allow for later payment, upon good cause shown.*

*Id.* § 83.232(1) (emphasis added). "Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon." *Id.* § 83.232(5).

We have explained that "[s]ection 83.232 is designed to protect a commercial landlord from irreparable harm where a tenant holds over during eviction proceedings without paying rent. If the tenant lacks resources to pay rent, or from which the landlord may obtain damages, the landlord suffers irreparable harm in the loss of rental income and could even be in danger of losing the premises." *Famsun Inv., LLC v. Therault*, 95 So. 3d 961, 963 (Fla. 4th DCA 2012) (footnote omitted).

Case law has consistently held there is no equitable exception to the statute. *See Courthouse Tower, Ltd. v. Manzini & Assocs.*, 683 So. 2d 215, 215 (Fla. 3d DCA 1996); *Poal Wk Taft, LLC*, 45 So. 3d at 39. The trial court's duty under the statute is simply ministerial. *Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc.*, 103 So. 3d 911, 912 (Fla. 4th DCA 2012). And yet, the statute's language allows the court to extend time to allow for later payment upon good cause shown. § 83.232(1), Fla. Stat. ("The court may, however, extend these time periods to allow for later payment, upon good cause shown.").

---

[1] The court cited *Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp.*, 45 So. 3d 37 (Fla. 4th DCA 2010) and *214 Main St. Corp. v. Tanksley*, 947 So. 2d 490 (Fla. 2d DCA 2006) in support.

Here, the tenant paid the base rent into the court registry but failed to timely pay the additional amount determined by the court. Nevertheless, the additional amounts were in the court registry at the time of the default hearing. The statute itself provides for the court to extend these time periods to allow for later payment upon good cause shown.

It would seem to me that the facts of this case (a dispute over the amount due, a hurricane, it being unclear whether the tenant received the rent order, the tenant's payment of the previously owed amount, payment of the additional amount within a few days, and an ongoing dispute over who breached the mediated settlement agreement) should allow for equitable relief. But our court has interpreted the provision for extensions of time to be limited to a time frame preceding a court-ordered due date. *See Blandin v. Bay Porte Condo. Ass'n*, 988 So. 2d 666, 669 (Fla. 4th DCA 2008) ("Allowing a trial court to grant an extension after the tenant has failed to timely pay pursuant to a court order would render the above-quoted terms in subsection (5) meaningless.").

Bound by our precedent, I must concur in the result. Perhaps the legislature would consider whether a trial court should have some discretion to provide for equitable relief under circumstances such as those in this case.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***