DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BEZL LIMITED, LLC,**
Appellant,

v.

**RAYMOND OFFICE PLAZA, LLC,**
Appellee.

No. 4D20-743

[March 17, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; G. Joseph Curley, Jr., Judge; L.T. Case No. 502019CA012140.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, and John E. Carter of Big Sky Law Firm, LLC, West Palm Beach, for appellant.

Jack A. Fleischman of Fleischman & Fleischman, P.A., West Palm Beach, for appellee.

GERBER, J.

A non-residential tenant appeals from the circuit court's amended final default judgment for possession. The circuit court entered the final judgment pursuant to section 83.232(5), Florida Statutes (2019), based on the tenant's ultimate failure to comply with the circuit court's previous order to pay the monthly rent into the court registry while the landlord's eviction action was pending. *See* § 83.232(5), Fla. Stat. (2019) ("Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.").

We affirm the circuit court's amended final judgment of possession. "Florida courts consistently have held that trial courts have no discretion in entering an immediate default for possession under these circumstances. The trial court may not consider the reasons why the deposit was not timely made." *Park Adult Residential Facility, Inc. v. Dan*

*Designs, Inc.*, 36 So. 3d 811, 812 (Fla. 3d DCA 2010); *see also id.* at n.1 ("Although we may have 'rachmones' for the tenant, *see Lerner v. Brin*, 608 So. 2d 519 (Fla. 3d DCA 1992), the law is the law. It is not our job to carve exceptions into an otherwise clear and imperative statute.").

As we recently reiterated, while the result may be "harsh":

> [T]he reason for failing to tender payment on the first day of the month is not relevant. *See* [*Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp.*, 45 So. 3d 37, 39 (Fla. 4th DCA 2010)] ("Although the result may seem harsh ..., there is no equitable exception to the statute." (citing *Courthouse Tower, Ltd. v. Manzini & Assocs.*, 683 So. 2d 215 (Fla. 3d DCA 1996))). When a tenant fails to tender payment on or before the deadline, the court must issue a default for possession. *See, e.g., Park Adult Residential Facility, Inc. ...* , 36 So. 3d [at] 813 ... ("[T]he tenant failed to deposit the rent into the court registry on the date ordered. Regardless of the tenant's reason for failing to make the deposit, the trial court was statutorily required to enter an immediate default and writ of possession.").

*Cove & Deerfield Beach, LLC v. R Fast, Inc.,* 45 Fla. L. Weekly D2640, 2020 WL 6937858, at *2 (Fla. 4th DCA Nov. 25, 2020); *see also Kosoy Kendall Assocs., LLC v. Los Latinos Rest. Inc.*, 10 So. 3d 1168, 1168 (Fla. 3d DCA 2009) ("Upon the lessee's failure to timely deposit a monthly rental payment into the registry as required by court order under section 83.232, Florida Statute[s], the petitioner-landlord was absolutely entitled to an ex parte, immediate default for a writ of possession of the premises by section 83.232(5), Florida Statute[s].") (internal and external footnotes omitted).

We note that our affirmance of the circuit court's amended final judgment of possession, and the waiver of the tenant's defenses to the landlord's eviction action, is without prejudice to: (1) the landlord's remaining claims for damages and the tenant's defenses thereto; and (2) the tenant's counterclaims for damages and the landlord's defenses thereto. *See Cove & Deerfield Beach*, 2020 WL 6937858, at *2 ("[T]he landlord is entitled to a default for possession in accordance with section 83.232(5), not disbursement of the deposited funds.") (quoting *Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc.*, 103 So. 3d 911, 912 (Fla. 4th DCA 2012)). Thus, nothing in this opinion should be interpreted as a comment on the merits of the parties' damages claims, damages counterclaims, and defenses to each.

*Affirmed.*

MAY and KUNTZ, JJ., concur.

*             *             *

***Not final until disposition of timely filed motion for rehearing.***