DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SHARON MUSCELLA,**
Appellant,

v.

**GLEN JOHNSON** a/k/a **GLENDERICK JOHNSON**
and **PENELOPE JOHNSON,**
Appellees.

No. 4D2024-0440

[July 3, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Kal Evans, Judge; L.T. Case No. COWE-24-000070.

Robin F. Hazel of Hazel Law, P.A., Hollywood, and Peter Sobota of Sobota P.L., Davie, for appellant.

Glen Johnson and Penelope Johnson, Hollywood, pro se.

PER CURIAM.

Sharon Muscella, the landlord in the underlying eviction action, appeals the county court's order denying her motion for immediate possession of property which was filed after the holdover tenants failed to pay rent into the court registry or timely move to determine the amount of rent as required by section 83.60(2), Florida Statutes (2023). We reverse.

It is well established that "[w]here the tenant has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing. The trial court exercises no discretion, and the landlord is entitled to the issuance of the writ of possession as a matter of right." *Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp.*, 45 So. 3d 37, 39 (Fla. 4th DCA 2010); *see also* § 83.60(2), Fla. Stat. (2023) ("Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry within 5 days . . . after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment

for removal of the tenant with a writ of possession to issue without further notice or hearing thereon.").

As the tenants in this case failed to pay into the registry of the court the accrued rent as alleged in the complaint or timely move to determine the amount of rent, the county court erred in denying landlord's motion for immediate writ of possession. *See Poal Wk Taft, LLC*, 45 So. 3d at 39; *accord Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc.*, 103 So. 3d 911, 912 (Fla. 4th DCA 2012); *Bezl Ltd., LLC v. Raymond Off. Plaza, LLC*, 313 So. 3d 632, 633–34 (Fla. 4th DCA 2021).

*Reversed.*

DAMOORGIAN, CIKLIN and GERBER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

2