# Third District Court of Appeal

## State of Florida

Opinion filed September 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-387
Lower Tribunal No. 23-004559-CC-20
_____

**Patrick Fabre,**
Appellant,

vs.

**4647 Block, LLC,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Gordon Murray, Judge.

Law Office of Debra Kay Cohen, and Debra Kay Cohen, for appellant.

Barakat and Bossa, PLLC, and Giacomo Bossa, for appellee.

Before LINDSEY, MILLER and GOODEN, JJ.

GOODEN, J.

Appellee 4647 Block, LLC filed a two-count complaint against Appellant Patrick Fabre.  It alleged a count for eviction and a count for

holdover damages. After Fabre did not post rent into the court registry as ordered, the trial court entered a "Final Judgment for Removal of Tenant." Fabre moved to stay the writ of possession and for relief from the judgment, which were denied by the trial court in a single order. Fabre now appeals these two orders. In the notice of appeal, he asserts that they are both final in nature.

## I. JURISDICTION

We must analyze our jurisdiction in every case. "[I]t is the duty of the court to consider it, for if the court is without jurisdiction, it is powerless to act in the case." Roberts v. Seaboard Sur. Co., 29 So. 2d 743, 748 (Fla. 1947). Accord Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561 (Fla. 3d DCA 2015); Bloomgarden v. Mandel, 154 So. 3d 451, 453 (Fla. 3d DCA 2014); 84 Lumber Co. v. Cooper, 656 So. 2d 1297, 1298 (Fla. 2d DCA 1994).

We first must examine whether the "Final Judgment" is a final order and appealable under Florida Rule of Appellate Procedure 9.110.[1] "In deciding whether an order constitutes a final judgment, we look not to the title. Instead, we review the content and substance to discern whether the order fully and finally determines the rights of the parties involved in the

_____

[1] See also Art. V, § 4(b), Fla. Const.; Fla. R. App. P. 9.030(b).

2

lawsuit." Colby III, Inc. v. Centennial Westland Mall Partners, LLC, 386 So. 3d 1003, 1005 (Fla. 3d DCA 2023). "A final order or judgment is one which evidences on its face that it adjudicates the merits of, and disposes of, the matter before the court and leaves no judicial labor to be done." Cardillo v. Qualsure Ins. Corp., 974 So. 2d 1174, 1175–76 (Fla. 4th DCA 2008). See also Bloomgarden, 154 So. 3d at 454 ("Florida's test of finality for appellate purposes is well established: the order constitutes the end of judicial labor in the trial court, and nothing further remains to be done to terminate the dispute between the parties.").

Despite its title and the SRS stamp, the "Final Judgment" is not a final order. This order did not fully dispose of the entire case. It only disposed of Count I of the complaint. There is still judicial labor to be had—Count II.[2] Colby III, Inc., 386 So. 3d at 1005. Simply put, inclusion of language of finality does not transform a non-final order into a final order where there is still judicial work to be had.

Nevertheless, we do have jurisdiction to review the "Final Judgment" as an appealable, nonfinal order under Florida Rule of Appellate Procedure

---

[2] Nothing in the record indicates that Count II was either abandoned or dismissed. Further, "[a] default under [section 83.232, Florida Statutes,] determines only the possessory interest and does not resolve a dispute for damages." Famsun Invest, LLC v. Therault, 95 So. 3d 961, 963–64 (Fla. 4th DCA 2012).

3

9.130 as it concerns a "right to immediate possession of property." Fla. R. App. P. 9.130(a)(3)(C)(ii); <u>Bryant v. Wells Fargo Bank, N.A.</u>, 182 So. 3d 927, 929 (Fla. 3d DCA 2016); <u>Speedway SuperAmerica, LLC v. Tropic Enter., Inc.</u>, 966 So. 2d 1, 2 (Fla. 2d DCA 2007).

Next, we turn to the order denying Fabre's motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b). Our analysis of the "Final Judgment" has a direct impact on our review of this order.

Rule 1.540(b) allows a party to seek relief from final judgments and orders for certain substantive errors. Fla. R. Civ. P. 1.540(b). By its plain text, Rule 1.540(b) only applies to final orders. <u>Id.</u> ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a *final* judgment, decree, order, or proceeding. . . .") (emphasis added); <u>In re: Amends. to Fla. Rules of Civ. Proc. —2019 Regular-Cycle Report</u>, 292 So. 3d 660, 661 (Fla. 2019). "The rule does not, however, authorize a trial court to grant relief from a non-final order." <u>Garcia v. Navy Fed. Credit Union</u>, 224 So. 3d 339, 340 (Fla. 5th DCA 2017). <u>See also</u> <u>Hialeah Hotel, Inc. v. Woods</u>, 778 So. 2d 314, 315 (Fla. 3d DCA 2000) ("That is so because Rule 1.540 applies only to final judgments, not to interlocutory orders."). Since the "Final Judgment" is a nonfinal order, Fabre's Rule 1.540(b) motion was not authorized.

Under Florida Rule of Appellate Procedure 9.130, we can only review orders on "authorized and timely motion[s] for relief from judgment." Fla. R. App. P. 9.130(a)(5). See also id. at Committee Notes, 2008 Amendment ("Subdivision 9.130(a)(5) is intended to authorize appeals from orders entered on motions for relief from judgment that are specifically contemplated by a specific rule of procedure."). Since Fabre's motion was not authorized under Rule 1.540(b), we do not have jurisdiction to review it.[3]

This is true even where the order is mislabeled as final. Bennett's Leasing, Inc. v. First St. Mortg. Corp., 870 So. 2d 93, 98 (Fla. 1st DCA 2003) ("An order entered on a motion to vacate a non-final order, even where the motion mislabels the non-final order as final, is not reviewable under Florida Rule of Appellate Procedure 9.130(a)(5).").

Based on the foregoing, we do not have jurisdiction to consider Fabre's appeal of the order denying his motion for relief from the judgment.[4] We

---

[3] The order also denied Fabre's motion to stay writ of possession. However, Fabre did not raise any argument on appeal as to that motion. We are "not at liberty to address issues that were not raised by the parties." Anheuser-Busch Cos., Inc. v. Staples, 125 So. 3d 309, 312 (Fla. 1st DCA 2013). Therefore, any appeal on this motion is deemed abandoned.

[4] Even if this motion were treated as a motion for reconsideration, we would still not have jurisdiction to review it. It would be a non-appealable, non-final order. See Agere Sys. Inc. v. All Am. Crating, Inc., 931 So. 2d 244, 245 (Fla. 5th DCA 2006) ("Moreover, an order that simply denies a motion for reconsideration or rehearing of an underlying non-final order, such as the

5

therefore dismiss that portion of the appeal.  <u>Hi-Tech Mktg. Grp., Inc. v. Thiem</u>, 659 So. 2d 479, 479 (Fla. 4th DCA 1995).

## II.   STANDARD OF REVIEW

Matters of statutory interpretation are reviewed de novo.  <u>5051 NW 37 Ave. Corp. v. IES Sales & Serv., LLC</u>, 389 So. 3d 734, 737 (Fla. 3d DCA 2024).

## III.   ANALYSIS

Fabre entered a commercial lease.  4647 Block subsequently purchased the property.  As part of the lease agreement, Fabre was required to provide 4647 Block a copy of "any and all local, state or federal permits" which were required for use of the premise.

4647 Block requested those permits and sent a 15-day notice to cure noncompliance or vacate the premise.  Fabre provided some, but not all the required documents.  Approximately two months later, 4647 Block made another request and sent a second 15-day notice to cure noncompliance or vacate the premise.  Fabre only produced an application for a permit.

---

one sought to be appealed in this case, is not in itself an appealable order."); <u>Richardson v. Watson</u>, 611 So. 2d 1254, 1255 (Fla. 2d DCA 1992) ("The trial court's order denying the motion for reconsideration of that order, however, is not appealable.").

4647 Block filed a two-count complaint against Fabre seeking eviction and holdover damages. Fabre maintained that he complied with all provisions of the lease.

In August 2023, 4647 Block petitioned the trial court for deposit of the rent monies into the court registry pursuant to section 83.232, Florida Statutes. The motion noted that, even though an answer had been filed, Fabre had not deposited rent into the court registry.

Fabre immediately began paying rent monies into the court registry. He timely paid September, October, and November rents. See § 83.232(1), Fla. Stat.; Tribeca Aesthetic Med. Sols., LLC v. Edge Pilates Corp., 82 So. 3d 899, 901 (Fla. 4th DCA 2011) ("Section 83.232(1), Florida Statutes, requires a tenant to pay into the court registry the amount of unpaid rent together with rent accruing during the pendency of the suit."); Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp., 45 So. 3d 37, 38 (Fla. 4th DCA 2010) ("Section 83.232 requires the tenant to pay into the court registry its rent to forestall possession of the premises by the landlord during a pending eviction proceeding."). However, Fabre did not timely pay December rent into the court registry.

7

Later that month, the trial court entered an agreed order on 4647 Block's petition, which directed Fabre to pay rent into the registry on the first day of each month. This order was served on Fabre's attorneys.

Fabre's attorneys subsequently moved to withdraw as counsel. The trial court granted the request at a January 3, 2024, hearing. That same day, 4647 Block filed a motion for default judgment on possession alleging that Fabre failed to deposit December and January's rents. Fabre responded that, on January 3, 2024, he made a deposit and on January 4, 2024, he made two additional payments. Despite the dates, he maintained that these payments were timely.

The trial court entered the "Final Judgment for Removal of the Tenant." The order states that Fabre failed to timely deposit the disputed rent into the court registry pursuant to the agreed order, and it did not have discretion to deny the request for entry of default final judgment for possession.

Section 83.232, Florida Statutes, governs defaults in nonresidential leases. "Section 83.232 is designed to protect a commercial landlord from irreparable harm where a tenant holds over during eviction proceedings without paying rent." Famsun Invest, LLC v. Therault, 95 So. 3d 961, 963 (Fla. 4th DCA 2012). It provides in pertinent part,

> Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of

8

the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.

§ 83.232(5), Fla. Stat.

The trial court correctly noted that it had no discretion under this provision. See Sanders v. City of Orlando, 997 So. 2d 1089, 1095 (Fla. 2008) ("The word 'shall' is mandatory in nature."); Fla. Caucus of Black State Legislators, Inc. v. Crosby, 877 So. 2d 861, 863 (Fla. 1st DCA 2004) ("Because the legislature chose to use the word 'shall' throughout section 944.293, the Department's obligations are not discretionary."); Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 112 (2012) ("Mandatory words impose a duty; permissive words grant discretion.").

Once Fabre failed to timely pay the rent into the court registry as required by the statute and order, the trial court had no discretion in entering an immediate default for possession. § 83.232(5), Fla. Stat.; Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811, 812 (Fla. 3d DCA 2010); Poal Wk Taft, LLC, 45 So. 3d at 39 ("The trial court exercises no discretion, and the landlord is entitled to the issuance of the writ of possession as a matter of right.").

"When a tenant fails to tender payment on or before the deadline, the court must issue a default for possession." Cove & Deerfield Beach, LLC v. R Fast, Inc., 310 So. 3d 413, 415 (Fla. 4th DCA 2020). The trial court was statutorily required to do so here. See id. at 415 ("But the reason for failing to tender payment on the first day of the month is not relevant."); Park Adult Residential Facility, Inc., 36 So. 3d at 812 ("The trial court may not consider the reasons why the deposit was not timely made."); Kosoy Kendall Assoc., LLC v. Los Latinos Rest. Inc., 10 So. 3d 1168 (Fla. 3d DCA 2009) (holding default should have been entered on payment that was four days late). "[T]here is no equitable exception to the statute." Poal Wk Taft, LLC, 45 So. 3d at 39.

Accordingly, we affirm the trial court's order removing the tenant. The trial court acted in accordance with the requirements of section 83.232, Florida Statutes. We dismiss for lack of jurisdiction the appeal of the order denying the motion for relief of judgment filed under Rule 1.540(b).

Affirmed in part, dismissed in part.