KELLY, Judge.
Appellants, Stetson Management Company, Inc., and Brownlee Reagan, challenge the orders entered in favor of Fiddler’s Elbow, Inc., that stayed a final judgment for possession and denied Reagan’s motion to dissolve the stay. We agree with appellants that because the tenant, Fiddler’s Elbow, did not timely deposit its monthly rent payment as required by court order, that Reagan, as landlord, was entitled to immediate possession of the property. Accordingly, we reverse.
Reagan, the owner of the commercial property involved in this controversy, *718 leased the property to Stetson. Stetson then subleased the property to Fiddler’s. When disputes arose between the parties regarding the payment of rent, Stetson filed a motion to determine the amount of rent to be deposited in the registry of the court. Thereafter, the trial court entered an agreed order reflecting the parties’ stipulation that beginning on July 5, 2008, all rents owed by Stetson and Fiddler’s shall be deposited into an interest-bearing account no later than the close of business on the fifth day of each month.
When Fiddler’s first monthly payment was late,[1] Reagan filed a motion for default and immediate possession of the property. Following a hearing, the trial court entered a final order granting Reagan possession of the property. Fiddler’s moved for rehearing, or in the alternative, to stay the final judgment of possession pending the resolution of underlying issues which it alleged were “determinative of Fiddler’s rights in and to the property.” The court denied Fiddler’s motion for rehearing but granted its motion to stay the final judgment, stating that “[gjood cause has been shown.” This was error.
Section 83.232, Florida Statutes (2008), governs rent payments into the court registry in an action by a landlord of a nonresidential tenancy which includes a claim for possession of the property. “Subsection (5) provides: ‘Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.’ ” 214 Main Street Corp. v. Tanksley, 947 So.2d 490, 492 (Fla. 2d DCA 2006). Under the mandatory terms of section 83.232(5), the trial court had no discretion to stay the final judgment of possession; Reagan was entitled to immediate possession of the property upon Fiddler’s failure to timely deposit its rent payment. See id.; Blandin v. Bay Porte Condo. Ass’n, 988 So.2d 666, 669-70 (Fla. 4th DCA 2008) (citing 214 Main Street and stating that under section 83.232(5), a trial court has no discretion to excuse a tenant’s failure to timely pay rent). Accordingly, we reverse and remand for the court to issue a writ of possession in favor of Reagan.
Reversed and remanded.
ALTENBERND and WHATLEY, JJ., Concur.

. Fiddler's check was deposited on July 9, 2008.