NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SUPER PRODUCTS, LLC, a )
Delaware limited liability company, )
)
     Appellant, )
)
v. )   Case No. 2D16-1979
)
INTRACOASTAL ENVIRONMENTAL, )
LLC, a Florida limited liability )
company, )
)
     Appellee. )
_____)

Opinion filed February 8, 2017.

Appeal from the Circuit Court for
Hillsborough County; Tracy Sheehan,
Judge.

Arthur S. Weitzner of Arthur S. Weitzner,
P.A., Sarasota, for Appellant.

Adam Hersh of Hunter Business Law,
Tampa, for Appellee.


VILLANTI, Chief Judge.

     Super Products, LLC, appeals an order denying its motion for rehearing of

an order granting IntraCoastal Environmental, LLC's motion to dismiss based upon

noncompliance with section 605.0904(1), Florida Statutes (2014). Because, under the facts of this case, dismissal was inappropriate, we must reverse.

Super Products, a Delaware limited liability company transacting business in Florida, entered into an equipment rental agreement with IntraCoastal. When IntraCoastal failed to pay certain amounts allegedly due, Super Products filed a complaint. IntraCoastal filed a motion to dismiss the complaint or, alternatively, to stay the proceedings. At the hearing on the motion, IntraCoastal argued that Super Products failed to file a certificate of authority from the State of Florida to conduct business in the state and was therefore legally unable to maintain the lawsuit pursuant to section 605.0904(1). The trial court granted the motion and dismissed the action without prejudice. Thereafter, the trial court also denied Super Products' motion for rehearing which argued that dismissal was not authorized under section 605.0904(3). This appeal follows.

Section 605.0904(1) provides that "[a] foreign limited liability company transacting business in this state or its successors may not maintain an action or proceeding in this state unless it has a certificate of authority to transact business in this state." If a foreign limited liability company fails to acquire a certificate of authority, section 605.0904(3) provides:

> A court may stay a proceeding commenced by a foreign limited liability company or its successor or assignee until it determines whether the foreign limited liability company or its successor requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign limited liability company or its successor obtains the certificate.

The trial court believed that the statutorily required remedy for Super Products' noncompliance was dismissal. While section 605.0904(3) does in fact provide for a stay, it does not provide for dismissal. Ironically, the relief requested by IntraCoastal in its motion was dismissal or, in the alternative, a stay.

The use of the word "may" in section 605.0904(3), as permissive verbiage, is only indicative that the court may stay the proceedings or not stay the proceedings. It does not imply that the court must stay the proceedings; it could continue the proceedings and issue an order requiring technical compliance with section 605.0904(1). Dismissal may then become appropriate if the party fails to comply with the court's order. See Fla. R. Civ. P. 1.420(b); Zaccaria v. Russell, 700 So. 2d 187, 187-88 (Fla. 4th DCA 1997).

Here, the trial court gave no reason other than noncompliance for granting the much harsher remedy of dismissal, and from the record before us, we discern none. At the hearing on IntraCoastal's motion to dismiss, the trial court specifically noted that "the trigger point" for Super Products to provide a certificate of authority was December 2015, when the complaint was filed. In other words, the trial court regarded Super Product's failure to obtain the proper certificate as a condition precedent to the filing of its lawsuit. However, obtaining a certificate of authority is a condition that must be met only to maintain a lawsuit, not file one, and Super Products, as evidenced by its motion for rehearing, was not averse to a stay even though it did not initially believe it was required to obtain the certificate.

Because the remedy of dismissal is not provided for in the statute, and no rationale exists in the record to support dismissal, it was error for the trial court to

dismiss the action rather than to simply stay it. Accordingly, we reverse and remand for the trial court to vacate its order of dismissal, and if the proper certificate has not been obtained, to reconsider the issue of a stay.

Reversed and remanded with instructions.


KHOUZAM and BADALAMENTI, JJ., Concur.