NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SUPER PRODUCTS, LLC, a Delaware )
Company,                        )
                                )
            Petitioner,         )
                                )
v.                              )            Case No. 2D17-3769
                                )
INTRACOASTAL ENVIRONMENTAL,     )
LLC, a Florida limited liability company, )
                                )
            Respondent.         )
_____ )

Opinion filed July 25, 2018.

Petition for Writ of Certiorari to the
Circuit Court for Hillsborough County;
Chet A. Tharpe, Judge.

Arthur S. Weitzner of Arthur S. Weitzner,
P.A., Sarasota, for Petitioner.

Adam Hersh of Hunter Business Law
Tampa, for Respondent.


NORTHCUTT, Judge.

        Super Products, LLC, a Delaware company, seeks certiorari review of an

order indefinitely staying proceedings in its pending breach of contract action against

Intracoastal Environmental, LLC.  We grant the petition and quash the order.

        Super Products filed a complaint seeking damages for Intracoastal's

alleged failure to pay under an equipment rental agreement.  Pursuant to Intracoastal's

motion, the circuit court dismissed the complaint without prejudice because Super Products had failed to comply with section 605.0904(1), Florida Statutes (2014-17). That statute provides that a foreign limited liability company doing business in Florida "may not maintain an action or proceeding in this state unless it has a certificate of authority to transact business in this state." Super Prods., LLC v. Intracoastal Envtl., LLC, 210 So. 3d 240, 241 (Fla. 2d DCA 2017) (quoting § 605.0904, Fla. Stat. (2014)). Section 605.0904(3) states:

> A court may stay a proceeding commenced by a foreign limited liability company or its successor or assignee until it determines whether the foreign limited liability company or its successor requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign limited liability company or its successor obtains the certificate.

Because a certificate of authority is a condition only to maintaining a lawsuit, not to filing one, and because the remedy of dismissal is not provided for in the statute, this court reversed the dismissal and instructed the circuit court to reconsider whether a stay was appropriate. 210 So. 3d at 242.

Following our mandate, Super Products obtained a certificate of authority and filed a copy of it with the circuit court. Thereafter, on Intracoastal's motion, the court entered an order finding that Super Products had fraudulently obtained the certificate because of an alleged misstatement on its application regarding the date upon which it began doing business in Florida. The court declared that the certificate was invalid. Further, "[s]ince Super Products has failed to obtain the proper Certificate of Authority[,] the proceedings before this Court are stayed pursuant to Fla. Stat. § 605.0904(3) until

Super Products, obtains an appropriate certificate of authority."  Super Products filed this timely petition for a writ of certiorari.

Certiorari is available to review a nonfinal order that causes a material injury that cannot be corrected on appeal.  This is otherwise described as irreparable harm.  Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012).  Orders staying proceedings are reviewable by certiorari.  See Paley v. Cocoa Masonry, Inc., 354 So. 2d 945, 946 (Fla. 2d DCA 1978); Stein v. Bayfront Med. Ctr., Inc., 287 So. 2d 401, 401 (Fla. 2d DCA 1973); State v. Antonucci, 590 So. 2d 998, 999-1000 (Fla. 5th DCA 1991).  In the present case, the stay is indefinite; without certiorari review, Super Products would be stuck in limbo with no way to pursue its lawsuit or to challenge the circuit court's ruling.  The stay causes irreparable harm for that reason.

A petitioner for certiorari must also demonstrate that the circuit court's ruling departs from the essential requirements of law.  Citizens Prop. Ins., 104 So. 3d at 351.  This requires a determination that the lower court's order departed from "clearly established law," which may derive from a variety of legal sources, including statutes.  Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 890 (Fla.  2003).  That is what happened here.

The process for obtaining a certificate of authority from the Department of State is described in section 605.0902, Florida Statutes (2014-17).  The effect of the certificate is set forth in section 605.0903, Florida Statutes (2015-17), as follows:

> (1) Unless the department determines that an application for a certificate of authority of a foreign limited liability company to transact business in this state does not comply with the filing requirements of this chapter, the department shall, upon payment of all filing fees, authorize the foreign

> limited liability company to transact business in this state and file the application for a certificate of authority.
>
> (2) The filing by the department of an application for a certificate of authority authorizes the foreign limited liability company that files the application to transact business in this state, subject, however, to the right of the department to suspend or revoke the certificate of authority as provided in this chapter.

(Emphasis added.) Thus, issuing a certificate of authority to do business in Florida is a purely executive function. Only the Department is empowered to determine whether an application for a certificate complies with the requirements, and only the Department may suspend or revoke a certificate. Super Products having obtained and filed a certificate of authority issued by the Department, the circuit court was not authorized to declare the certificate invalid and stay the proceedings on that account.

The order under review exceeded the court's authority. As such, it departed from the essential requirements of law, resulting in a material injury that is not remediable on direct appeal. Accordingly, we grant the petition and quash the order.

Petition granted; order quashed.


MORRIS and LUCAS, JJ., Concur.