# Third District Court of Appeal

## State of Florida

Opinion filed July 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-2350 & 3D21-2426
Lower Tribunal No. 21-30445 CC

_____

**Bimini Properties, Inc., etc.,**
Appellant/Appellee,

vs.

**Puff or Sip Hookah Lounge & Liquor Store, LLC, etc.,**
Appellee/Appellant.


Appeals from the County Court for Miami-Dade County, Chiaka Ihekwaba, Judge.

Shevlin & Atkins and Scott E. Hayden and Andrew S. Atkins, for appellant/appellee, Bimini Properties, Inc.

Law Office of Attorney Ovide Val and Ovide Val, for appellee/appellant Puff or Sip Hookah Lounge & Liquor Store, LLC.


Before EMAS, HENDON and LOBREE, JJ.

LOBREE, J.

In this commercial eviction action, the landlord, Bimini Properties, Inc., filed a complaint alleging that the tenant, Puff or Sip Hookah Lounge & Liquor Store, LLC, had failed to pay two months of rent. The tenant answered, claiming that under the terms of the parties' lease agreement no rent was due, and asserting a counterclaim for breach of contract. The tenant also moved under section 83.60(2), Florida Statutes (2021), for the trial court to determine the amount of rent to be deposited into the court registry. After conducting a hearing, the trial court entered an order directing the tenant to pay $10,700 into the court registry. When the tenant undisputedly did not do so by the date required by the trial court's order, the trial court entered a default final judgment and a writ of possession. See § 83.232(1),(5), Fla. Stat. (2021). Shortly thereafter, the tenant sought a stay, explaining that it had been unable to reach its attorney and that the landlord had failed to meet its obligations under the lease to make repairs or alterations to the property. The trial court then entered an order staying the writ of possession. After the tenant and landlord each filed separate appeals in the case, we consolidated the appeals for our review.

In case number 3D21-2350, the tenant appeals from the default final judgment. Despite this, the tenant makes no argument that the trial court erred in entering the default final judgment and writ of possession in this

case. In fact, the tenant concedes that the trial court was "statutorily required to enter an eviction order" and that the landlord was "entitled to an immediate order of default for possession." Therefore, we affirm the trial court's entry of default final judgment in case number 3D21-2350. See Doe v. Baptist Primary Care, Inc., 177 So. 3d 669, 673 (Fla. 1st DCA 2015) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy." (quoting Polyglycoat Corp. v. Hirsch Distribs., Inc., 442 So. 2d 958, 960 (Fla. 4th DCA 1983))).

In case number 3D21-2426, the landlord appeals the order staying the writ of possession.[1] Upon a tenant's failure to pay into the court registry the amount of rent determined by the trial court, the landlord is entitled to the remedy of an immediate default for possession. § 83.232(5), Fla. Stat. ("Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such

---

[1] In these circumstances, we exercise our authority under Florida Rule of Appellate Procedure 9.040(c) and treat the notice of appeal as a petition for writ of certiorari. See Super Prods., LLC v. Intracoastal Env't, LLC, 252 So. 3d 329, 331 (Fla. 2d DCA 2018) ("Orders staying proceedings are reviewable by certiorari."). A writ of certiorari is available where there is "a departure from the essential requirements of the law which results in a material injury for which there is no adequate remedy on appeal." State v. Hernandez, 278 So. 3d 845, 848 (Fla. 3d DCA 2019) (quoting State v. Styles, 962 So. 2d 1031, 1032 (Fla. 3d DCA 2007)).

case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon."); see also Stetson Mgmt. Co. v. Fiddler's Elbow, Inc., 18 So. 3d 717, 718 (Fla. 2d DCA 2009). Indeed, it is well settled that a trial court has a non-discretionary, ministerial duty to issue a writ of possession under the circumstances set forth in the statute, Courthouse Tower, Ltd. v. Manzini & Assocs., 683 So. 2d 215 (Fla. 3d DCA 1996); Palm Beach Marketplace, LLC v. Aleyda's Mexican Restaurante, Inc., 103 So. 3d 911 (Fla. 4th DCA 2012), notwithstanding any equitable arguments on behalf of the tenant, see Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811 (Fla. 3d DCA 2010); Bezl Ltd., LLC v. Raymond Off. Plaza, LLC, 313 So. 3d 632 (Fla. 4th DCA 2021). Thus, "[r]egardless of the tenant's reason for failing to make the deposit," Park Adult Residential Facility, Inc., 36 So. 3d at 813, the trial court here had no discretion to stay the writ of possession and thereby deny the landlord its absolute statutory remedy of immediate possession of the property, see Stetson Mgmt. Co., 18 So. 3d at 718 (reversing stay of final judgment of possession based on "good cause" shown by sublessee because "[u]nder the mandatory terms of section 83.232(5), the trial court had no discretion to stay the final judgment of possession"). Because the order staying the writ of possession is a clear departure from the essential requirements of the law for which there is no

4

adequate redress on appeal, we issue the writ and quash the order staying the writ of possession.

Default final judgment affirmed; petition granted, order staying the writ of possession quashed, and case remanded for further proceedings.