GERSTEN, J.
Park Adult Residential Facility, Inc. (“the landlord”) appeals from an order denying its motion for immediate default and issuance of writ of possession against Dan Designs, Inc., etc. (“the tenant”). We reverse.
The landlord sued the tenant for failure to pay rent due under the parties’ lease agreement. Additionally, the landlord moved for an order directing the tenant to deposit the monthly rent into the court registry. Thereafter, the trial court ordered the tenant to deposit the rent into the court registry by November 3, 2009.
On November 4, 2009, the tenant attempted to deposit the ordered rent into the court registry, but the court clerk rejected the deposit as untimely. Subsequently, the landlord moved for an immediate default and writ of possession under section 83.232(5), Florida Statutes (2009).
Before the trial court ruled on the landlord’s motion for immediate default and writ of possession, the tenant moved for an order allowing it to deposit the rent. The tenant claimed that it was unable to deposit the rent by November 3, 2009, because law enforcement closed the offices of tenant’s attorneys, Rothstein Rosenfeldt Adler, P.A. The trial court denied the landlord’s motion for default and immediate possession. This appeal followed.
On appeal, the landlord asserts that the trial court had no discretion under section 83.232(5) to deny an immediate default and writ of possession when the tenant failed to deposit rent timely into the court registry. The tenant contends that the trial court properly exercised its discretion in light of the unusual circumstances in this case. We agree with the landlord and reverse.
Section 83.232(5) provides: “Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant’s defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon.” Florida courts consistently have held that trial courts have no discretion in entering an immediate default for possession under these circumstances. The trial court may not consider the reasons why the deposit was not timely made.[1] See Kosoy Kendall Assocs., LLC v. Los Lati *813 nos Rest. Inc., 10 So.3d 1168 (Fla. 3d DCA 2009), and cases cited therein.
Here, the tenant failed to deposit the rent into the court registry on the date ordered. Regardless of the tenant’s reason for failing to make the deposit, the trial court was statutorily required to enter an immediate default and writ of possession. Thus, in accordance with the law, the trial court erred in denying the landlord’s motion for entry of a default and writ of possession.
Accordingly, we reverse the order entered below, and remand for entry of an immediate default and writ of possession in this case.
Reversed and remanded.
SCHWARTZ, Senior Judge, concurs.

. Although we may have "rachmones” for the tenant, see Lerner v. Brin, 608 So.2d 519 (Fla. 3d DCA 1992), the law is the law. It is not our job to carve exceptions into an otherwise clear and imperative statute.