SALTER, J.
In this residential lease case, prospective tenants (RSG, LLC, and Harry Grant, collectively “RSG”) appeal an order (a) denying their emergency motion to instruct the clerk to accept a deposit of monthly rent and (b) entering a final default judgment and authorizing a writ of possession in favor of Mr. Lenet, the landlord/appellee. We reverse and remand, concluding that the trial court must first decide a threshold evidentiary matter: were the conditions precedent to the commencement of the term of the lease satisfied (or waived), such that RSG had a duty to make monthly payments of rent into the registry of the court to protect its rights under section 83.60(2), Florida Statutes (2012)?

The Lease and the Lawsuits

At the end of January 2012, Mr. Lenet as landlord and RSG as tenant[1] entered into a seven-page, printed form of residential lease with numerous handwritten fill-ins and additions. The two-year term of the lease, and monthly rent of $4450 per month (with options for three additional one-year renewals at $4500 per month), were to commence on February 15, 2012, subject to two conditions precedent pertinent here: (1) Mr. Lenet was to replace the refrigerator in the family room with a new refrigerator, and (2) the plumbing, heating, electrical, and HVAC systems were to be in good working order. First and last month’s rent, together with a security deposit, were deposited by RSG.
In a subsequent affidavit, affirmative defenses, and complaint, RSG alleged that: there was a walk-through with the real estate broker before occupancy was to begin; during the walk-through, the tenants determined that the renovations and repairs identified as conditions precedent in the lease were not completed; and the tenants never took possession of a key or the home itself for that reason. The negotiations between Mr. Lenet and RSG failed to produce an agreement regarding the conditions precedent.
In early April 2012, Mr. Lenet filed a complaint for tenant eviction and damages in the county court. Ten days later RSG filed its own complaint against Mr. Lenet in the circuit court for breach of the lease. In a May 2012 county court order, RSG was directed to deposit $15,575 (three and one-half months of rent), the escrow agent was to deposit $13,350 (the first and last month’s rent plus a security deposit, held by the realtor) into the court registry, and *1189 RSG was to pay a further $4450 per month into the registry on the first day of each month, beginning June 1, 2012.[2] By stipulation, the eviction case was then transferred to circuit court and the two cases were consolidated.[3]
After making deposits of monthly rent through September 2012, RSG moved the circuit court to modify the May 2012 order to release RSG from the obligation to make further monthly payments until the court determined whether the lease term had actually commenced. On October 2, 2012, RSG’s counsel filed an emergency motion to allow a ten-day grace period (the period stipulated in the lease, but not in the county court’s May 2012 order) because the firm’s bookkeeper, a part-time employee, had failed to wire the funds required for the rental deposit due on October 1. RSG’s counsel also attempted to deposit the October rent payment (via cashier’s check) into the registry on October 2, 2012, but the clerk’s office refused to accept it. The circuit court denied RSG’s emergency motion a week later, citing Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So.3d 811 (Fla. 3d DCA 2010), and entered an immediate default in favor of Mr. Lenet in the eviction action (including a directive to the clerk to issue an immediate writ of possession). This appeal followed.

Analysis

The typical eviction case involves a tenant in possession after the commencement of a lease. In such a case, payment of the rent into the registry is the statutory requirement for continued occupancy while the eviction case is prosecuted and decided. In the present case, however, there is a horse before that cart — the issues relating to (a) the satisfaction or waiver of the express conditions precedent, and (b) the sharp factual dispute between the parties as to whether the tenant ever actually took possession of the residence.
The circuit court and the clerk’s office understandably interpreted the May 2012 county court order for the payment of rent into the registry “on the first of every month” to be an order in the typical case, such that non-performance would entitle the landlord to an immediate default judgment of eviction and a writ of possession without further notice. And in such a case, our opinion in Park Adult Residential Facility truly brooks no delays (“The trial court may not consider the reasons why the deposit was not timely made.” Id. at 812).
But again, the case at hand was not such a case. The county court did not find: that the conditions precedent were satisfied or waived; that the lease had commenced; that RSG had ever been in possession; that section 83.60(2) applied; that there was in fact any “accrued rent” payable within the meaning of that subsection; or that the consequence of a late deposit into the registry would be a default judgment of eviction and immediate possession *1190 without notice or a hearing. Instead, the accrual of rent and the applicability of section 83.60(2) turned on the preliminary determination regarding the conditions precedent.
Frey v. Livecchi, 852 So.2d 896 (Fla. 4th DCA 2003), presents a similar issue. The preliminary question before the trial court in that case was whether the defendants’ occupancy was pursuant to a contract for sale or a month-to-month tenancy. In an eviction action filed by the property owner, the court directed the Freys to pay rent into the registry. The Fourth District reversed, holding that section 83.60(2) would not apply if the Freys occupied the premises under a contract for sale. The court held:
The resolution of this factual dispute [contract for sale versus tenancy] would determine whether section 83.60 is applicable. Because such a determination would be dispositive, we hold that the trial court was required to conduct an evidentiary hearing before determining whether the Freys were required to pay money into the court registry. Because the trial court failed to conduct such a hearing, we find that the trial court erred in imposing such a requirement, erred in entering the default judgment, and reverse the entry of the final default judgment.
Id. at 898.
On remand in the present case, the circuit court is to conduct an evidentiary hearing regarding the satisfaction or waiver of the conditions precedent, and regarding Mr. Lenet’s allegation that RSG took possession of the residence. It is premature to direct the deposit of rent into the registry before those issues have been decided. That decision will control the amount of rent, if any, accrued and to be paid into the registry (or refunded to RSG from the registry), and apparently will also determine which party breached the lease.

Conclusion

In view of the preliminary factual disputes as to whether the term of the lease has actually commenced and whether the tenant has ever taken possession of the premises under the lease, those issues should be determined before an order is entered for the deposit of monthly rent into the court registry (and thus before any order for default and possession is entered under section 83.60(2)).
Reversed and remanded for further proceedings consistent with this opinion.

. The record established that the individuals who contracted to rent the Bal Harbour residence from Mr. Lenet were Harry and Rose Grant, husband and wife. Mrs. Grant’s "RSG, LLC,” and Mr. Grant were the lease signators and prospective tenants of record, and they are the appellants.

. Thus, by die end of June — four and one-half months into the term of the lease had it actually commenced in mid-February — funds equal to seven months of rent had been deposited by RSG.

. This recitation omits the initial entry of default and the vacation of that default in the eviction action. Counsel for the landlord, Michael A. Rajtar, Esq., obtained a default under circumstances that, according to the record, indicate a lack of professionalism and ordinary courtesy. Fully aware that RSG had counsel (because of the presuit negotiations), Mr. Rajtar nonetheless sought and obtained the default by posting the unoccupied property and without providing a copy of the initial complaint and other pertinent papers to opposing counsel. We suggest that Mr. Rajtar consult the resources available through The Florida Bar’s Henry Latimer Center for Professionalism.