# Third District Court of Appeal

## State of Florida

Opinion filed April 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0147
Lower Tribunal Nos. 19-4323 CC & 20-141 AP

_____

**Russell Simpson as Director of the Dissolved Florida Profit Corporation AWA-USA, Inc.,**
Appellant,

vs.

**2699 Industrial LLC,**
Appellee.


An appeal from the County Court for Miami-Dade County, Milena Abreu, Judge.

Russell Simpson, in proper person.

No appearance for appellee.


Before FERNANDEZ, LOGUE, and MILLER, JJ.

MILLER, J.

Appellant, Russell Simpson as Director of the Dissolved Florida Profit Corporation AWA-USA, Inc., challenges a default final judgment of eviction rendered in favor of his landlord, appellee, 2699 Industrial LLC, after he failed to timely deposit rents in the court registry, as required by court order. On appeal, Simpson contends courthouse closures precipitated by the COVID-19 pandemic excused his performance. Discerning no error, we affirm and write only to clarify the perimeters of pandemic-related restrictions impacting court registry access.

## BACKGROUND

In October 2019, 2699 Industrial filed a commercial eviction action against Simpson for non-payment of rent. The lower tribunal issued an order requiring Simpson to deposit all accrued and future rents that became due and owing during the pendency of the action into the registry of the court. Simpson deposited the accrued rents. However, the case languished, and he did not tender the rents as they came due in April, May, and June of 2020.

On June 12, 2020, 2699 Industrial filed and served a motion for default final judgment, citing the failure to deposit the required rents. Nine days later, the trial court rendered a default final judgment of eviction authorizing the immediate issuance of a writ of possession. The instant appeal ensued.

## ANALYSIS

2

Section 83.232(1), Florida Statutes (2020), governing monetary default in nonresidential tenancies, provides, in relevant part,

> In an action by the landlord which includes a claim for possession of real property, the tenant shall pay into the court registry the amount alleged in the complaint as unpaid, or if such amount is contested, such amount as is determined by the court, and any rent accruing during the pendency of the action, when due unless the tenant has interposed the defense of payment or satisfaction of the rent in the amount the complaint alleges is unpaid.

The statute further states, "[f]ailure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon." § 83.232(5), Fla. Stat.

Reciting the adage "the law is the law," in Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811, 812 & 812 n.1 (Fla. 3d DCA 2010), we recognized a lower tribunal has "no discretion in entering an immediate default for possession under these circumstances. The trial court may not consider the reasons why the deposit was not timely made." (Citation omitted)

This proposition, of course, yields to constitutional protections, including due process and access to the courts. See United States v. Jin Fuey Moy, 241 U.S. 394, 401, 36 S. Ct. 658, 659, 60 L. Ed. 1061 (1916) ("A

3

statute must be so construed, if fairly possible, as to avoid not only the conclusion that it is unconstitutional, but also grave doubts upon that score.") (citation omitted); Brown v. Walker, 161 U.S. 591, 636, 16 S. Ct. 644, 655, 40 L. Ed. 819 (1896) (A "statute c[an]not abrogate or in any respect diminish the protection[s] conferred by the constitution[]."). Consequently, it presupposes the registry is both operational and accessible.

Here, Simpson contends restrictions on courthouse access in the wake of the ongoing pandemic prevented him from depositing the rents. Because the relevant administrative orders impacting court operations demonstrate the registry was open for deposit in the weeks preceding the entry of judgment, we are not so persuaded.

"When the threat to the United States from the novel 2019 coronavirus disease (COVID-19) became apparent, political leaders and commentators began calling for large governmental interventions to counter the disease's health and economic effects." Thomas A. Firey, Government in a Pandemic, Policy Analysis No. 902 (Cato Inst. 2020). Such interventions began in Florida in early to mid-March 2020. At that time, the State Surgeon General and Public Health Officer of Florida proclaimed a public health crisis and, soon thereafter, the Governor declared a statewide emergency. See Scott A. Rivkees, State Surgeon General, State of Florida Department of Health

4

Declaration of Public Health Emergency (Mar. 1, 2020) (on file with the Florida Department of Health); § 381.00315, Fla. Stat. (The state surgeon general, as "[t]he State Health Officer[,] is responsible for declaring public health emergencies, issuing public health advisories, and ordering isolation or quarantines."); Fla. Exec. Order No. 20-52 (Mar. 9, 2020). The Florida Supreme Court then instituted pandemic-related emergency measures and the Eleventh Judicial Circuit issued a general administrative order halting all but certain enumerated in-person operations. In re: COVID-19 Emergency Measures in the Florida State Courts, Fla. Admin. Order No. AOSC20-17 (Mar. 24, 2020) (on file with Clerk, Fla. Sup. Ct.); In re: COVID-19 Emergency Procedures Temporary Closure of Court Facilities to the Public in the Eleventh Judicial Circuit of Florida, Fla. Admin. Order No. 20-02 (Mar. 16, 2020) (on file with Clerk, 11th Jud. Cir.).

Despite these early restrictions, on May 29, 2020, Chief Judge Bertila Soto issued a superseding administrative order unqualifiedly restoring the public's "access to court facilities . . . for payment of registry deposits with the clerk of court." In re: COVID-19 Emergency Procedures and Continued Closure of Courthouse Facilities to the Public in the Eleventh Judicial Circuit of Florida, Fla. Admin. Order No. AO20-11 (May 29, 2020) (on file with Clerk, 11th Jud. Cir.).

5

In the instant case, 2699 Industrial served its motion for default approximately two weeks after access to the court registry was reinstated. Another nine days elapsed before the lower tribunal rendered the default final judgment. Accordingly, Simpson had ample opportunity to deposit the required funds.

Under these circumstances, and given that Simpson did not raise the issue of registry access prior to the entry of default, we conclude the plain language of section 83.232(5), Florida Statutes, compelled entry of the default final judgment. See Cove & Deerfield Beach, LLC v. R Fast, Inc., 310 So. 3d 413, 415 (Fla. 4th DCA 2020) ("When a tenant fails to tender payment on or before the deadline, the court must issue a default for possession.") (citation omitted); Famsun Inv., LLC v. Therault, 95 So. 3d 961, 963 (Fla. 4th DCA 2012) ("The default judgment entitled the landlord to immediate possession of the property based on the tenant's failure to deposit rent into the court registry as ordered by the court pursuant to section 83.232, Florida Statutes."); Park Adult Residential Facility, Inc., 36 So. 3d at 812 (Once a tenant fails to pay rent into the court registry pursuant to court order, "trial courts have no discretion in entering an immediate default for possession under these circumstances."); Poal Wk Taft, LLC v. Johnson Med. Ctr. Corp., 45 So. 3d 37, 39 (Fla. 4th DCA 2010) ("Where the tenant

6

has not paid the rent into the registry of the court in accordance with court order and the statute, the landlord is entitled to a writ of possession without further hearing."). Hence, we affirm the judgment under review.

Affirmed.