# Third District Court of Appeal

## State of Florida

Opinion filed June 23, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0075
Lower Tribunal Nos. 19-11149 CC, 19-340 AP
_____

**Artheisha Axen,**
Appellant,

vs.

**POAH Cutler Manor, LLC,**
Appellee.


An Appeal from the County Court for Miami-Dade County, Patricia Marino Pedraza, Judge.

Legal Services of Greater Miami, Inc. and Jeffrey M. Hearne, for appellant.

Alvarez, Feltman, Da Silva & Costa, P.L., and Paul B. Feltman, for appellee.


Before FERNANDEZ, LINDSEY and BOKOR, JJ.

BOKOR, J.

In a summary eviction proceeding, including an eviction for something other than nonpayment of rent, section 83.60(2), Florida Statutes, mandates that within five business days of service of process, a tenant must pay accrued rent into the court registry or file a motion to determine rent. Here, the record reflects Axen's initial filing into the court registry of rent due as well as a motion to determine rent, in compliance with the statute. The trial court never heard or otherwise disposed of the motion to determine rent. Despite the pending motion to determine rent, and a renewed motion to determine rent, filed in response to Cutler Manor's motion for final judgment, the trial court granted Cutler Manor's motion for final judgment and issued a final judgment for possession. Axen appeals, asserting that the trial court erred by entering final judgment without addressing the motion to determine rent. For the reasons set forth below, we agree.

Although the underlying complaint sought summary eviction based on a purported lease violation, not nonpayment of rent, the October 8, 2019, verified motion for final judgment sought possession based on Axen's failure to continue to deposit rent into the court registry under section 83.60(2). Axen responded to the motion for final judgment the next day, again requesting a determination of rent due. The record shows no order disposing of either the original motion to determine rent filed on October 5, 2016, or the

2

renewed motion to determine rent filed on October 9, 2019. Fifteen days after Axen's response to the original verified motion, Cutler Manor filed its amended verified motion for final judgment, again premised on nonpayment of rent. The amended verified motion for final judgment was set for hearing on October 31, 2019. On the morning of the hearing, Axen deposited the outstanding rent claimed in the amended verified motion for final judgment into the court registry. The record contains no transcript of the hearing in the trial court. On November 6, 2019, the court entered an order granting Cutler Manor's amended verified motion for final judgment.

Without a transcript of a hearing, "[e]ven when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it. . . . However, a misconception by the trial judge of a controlling principle of law can constitute grounds for reversal." Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) (internal citations omitted). Cutler Manor claims that the failure to continue to deposit rent timely during the pendency of an eviction voids any defense to the eviction other than payment. As this court explained, "[t]he typical eviction case involves a tenant in possession after the commencement of a lease. In such a case, payment of the rent into the registry is the statutory requirement for continued occupancy while the

3

eviction case is prosecuted and decided." RSG, LLC v. Lenet, 107 So. 3d 1187, 1189 (Fla. 3d DCA 2013).  However, this general rule must be read in the context of the entire statute.  The pertinent language requires "the tenant to pay the rent into the registry of the court **or to file a motion to determine the amount of rent to be paid** . . . ." §83.60(2), Fla. Stat. (emphasis added). Giving effect to and harmonizing all relevant statutory provisions and applying it here, the undisposed-of motion to determine rent precluded entry of final judgment based on nonpayment.[1]  To hold otherwise would fail to read the statute as a consistent whole and create an absurd result.[2]  See Heart of Adoptions, Inc. v. J.A., 963 So. 2d 189, 199 (Fla. 2007).

Here, even without the benefit of a transcript, we know that the trial court entered final judgment without consideration of the motion to determine rent because the trial court's order simply grants Cutler Manor's motion. Cutler Manor's motion made no reference to the motion to determine rent and sought final judgment solely based on the tenant's nonpayment during

---

[1] A trial court typically disposes of a motion to determine rent in one of two ways: (1) the court sets an expedited evidentiary hearing and issues an order setting the rent to be deposited; or (2) the court strikes the motion as procedurally barred (usually based on the motion of the landlord pointing out statutory or procedural infirmities).

[2] Cutler Manor argues that we need not address the motion to determine rent because Axen was late in depositing rent during the pendency of the action. But that argument misconstrues the statute and fails to give meaning to each provision.

4

the pendency of the action. Accordingly, we vacate the final judgment for eviction as well as the order granting Cutler Manor's amended verified motion for final judgment and remand to the trial court to conduct a hearing on the motion to determine rent forthwith.

Reversed and remanded.