# Third District Court of Appeal

## State of Florida

Opinion filed May 17, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-681
Lower Tribunal No. 22-3700
_____


**Sarah Lazow, etc.,**
Appellant,

vs.

**Synamon Real Estate, LLC,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

David J. Winker, PA, and David J. Winker, for appellant.

Darius Asly, for appellee.


Before SCALES, HENDON and GORDO, JJ.

GORDO, J.

Tenant[1] appeals a "Default Final Judgment of Possession" entered for the Landlord[2]. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(ii).[3] We find no error in the trial court's entry of the writ of possession where the Tenant indisputably failed to deposit the rent into the court registry on the date ordered by the trial court. See § 83.232(5), Fla. Stat. ("Failure of the tenant to pay the rent into the court registry pursuant to court order shall be deemed an absolute waiver of the tenant's defenses. In such case, the landlord is entitled to an immediate default for possession without further notice or hearing thereon."); Park Adult Residential Facility, Inc. v. Dan Designs, Inc., 36 So. 3d 811, 813 (Fla. 3d DCA 2010) ("Regardless of the tenant's reason for failing to make the deposit, the trial court was statutorily required to enter an immediate default and writ of possession."); Bimini Properties, Inc. v. Puff or Sip Hookah Lounge & Liquor Store, LLC, 343 So. 3d 1249, 1251 (Fla. 3d DCA 2022) ("Upon a tenant's failure to pay into the court registry the amount of rent determined by the trial court, the landlord is entitled to the remedy of an immediate default for possession.").

Affirmed.

---

[1] Sarah Lazow, as Successor Trustee of 3004 Trust.
[2] Synamon Real Estate, LLC.
[3] This Court has jurisdiction to review nonfinal orders that determine "the right to immediate possession of property." Fla. R. App. P. 9.130(a)(3)(C)(ii).

2