# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-2126
Lower Tribunal No. 2024-CC-000239

_____

WAYNE C. RICKERT d/b/a CRYSTAL LAKE VILLAGE,

Appellant,

v.

KAREN VALENCIA, et al.,

Appellees.

_____

Appeal from the County Court for Hardee County.
David N. Horton, Judge.

April 17, 2026

GANNAM, J.

Wayne C. Rickert sued Karen Valencia and her daughter for possession of a lot in Rickert's mobile home and RV park occupied by the Valencias, and obtained a default final judgment for possession of the lot. Rickert appeals the trial court's orders setting aside the final judgment and dismissing his complaint. Because the Valencias did not timely file a motion to determine rent after service of Rickert's complaint or pay their ongoing rent when due as alleged in the complaint, Rickert was entitled to the default judgment for possession. Accordingly, we reverse the

orders dismissing the eviction complaint and setting aside Rickert's final judgment and remand for further proceedings.

I

Rickert filed his eviction complaint on August 13, 2024, against his tenant, Karen Valencia, and her adult daughter, Erin Valencia.[1] According to the complaint, the Valencias occupy a recreational vehicle (RV) lot in Rickert's mobile home and RV park, Crystal Lake Village, under an oral, month-to-month rental agreement. Rickert alleged the Valencias' tenancy is subject to Chapter 83, Part II, Florida Statutes, the Florida Residential Landlord and Tenant Act, by operation of section 513.01, Florida Statutes, which is the definitional section of the chapter governing RV parks.

Rickert alleged that the Valencias failed to pay their August rent in the amount of $500, that Rickert sent them the statutory three-day demand for payment of rent or possession under section 83.56, and that the Valencias failed to pay the past due rent. Rickert also alleged that rent of $500 would continue to be due monthly, beginning September 1, 2024. The Valencias, pro se, filed an answer on August 22, asking not to be evicted, but not denying any of the complaint allegations or

---

[1] The complaint named as defendants Karen Valencia and an unknown tenant in possession, but Erin Valencia identified herself to the trial court as the other tenant.

requesting determination of the rent due. The Valencias paid $500 into the court registry when they filed their answer.

On September 4, 2024, Rickert filed a motion for default final judgment of eviction, alleging the Valencias failed to pay the $500 rent due on September 1 into the court registry. On September 5, the Valencias paid $500 into the registry. On September 6, unaware of the Valencias' payment, the trial court granted Rickert's motion and entered a default final judgment, finding the Valencias failed to pay the September rent into the court registry when due and concluding Rickert was entitled to possession of the lot. The judgment ordered the Valencias to immediately relinquish possession to Rickert and the clerk to issue a writ of possession to the sheriff. The same day, however, having discovered the Valencias' payment the day before, the trial court sua sponte entered an order setting aside the default final judgment, staying the writ of possession, and setting a hearing for September 9.

The Valencias failed to appear at the September 9 hearing, so the trial court entered an order vacating its September 6 order that set aside the final judgment and ordering the clerk, again, to issue a writ of possession. On September 10, Karen Valencia filed an unverified emergency motion for reconsideration and rehearing, alleging that she was too sick to appear in person at the September 9 hearing and that she and her daughter tried but were unable to connect to the hearing remotely. She also alleged that she paid her September rent into the court registry on

3

September 5 because she had paid her rent "on or close to the fifth every month for about 9 years," having been "told that rent was due by the fifth of every month." She further alleged that her tenancy is governed by chapter 723, the Florida Mobile Home Act, which requires a five-day notice before eviction. That day, the trial court effectively set aside the final judgment again by entering an order setting aside its September 9 order, which had vacated the September 6 order setting aside the final judgment, finding, "The Defendant alleges Chapter 723 should apply, not Chapter 83. At a brief glance, the Defendant appears to be correct." The order set another hearing for September 13.

Prior to the hearing, on September 12, Rickert filed a response to the Valencia emergency motion for reconsideration and rehearing, making several arguments against the trial court's setting aside the final default judgment. First, Rickert argued the Valencias waived any defense that the eviction action was brought under the wrong statute by not raising the defense in a responsive pleading. Second, Rickert argued the Valencias waived their wrong-statute defense by not paying their September rent into the court registry "when due" under section 83.60. Third, Rickert argued the Valencia's wrong-statute defense was both factually and legally without merit.

At the September 13 hearing, Rickert's counsel presented the arguments raised in his response and answered questions from the trial court, as did Rickert's

park representative and Erin Valencia, but the court did not receive any sworn testimony. The court also discussed a photograph and other documents filed by Rickert in support of his response but did not admit them into evidence or admit any other evidence. Following the hearing, on September 24, the trial court entered a final order dismissing Rickert's eviction complaint. The order stated the court's finding that, after hearing argument of counsel and reviewing Rickert's response and supporting materials, the Valencias' dwelling unit "is not an RV and thus, this action should have been governed by Chapter 723, Florida Statutes."

Rickert timely appealed the final order dismissing his eviction complaint and the prior orders setting aside his default final judgment, and we have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A).[2]

---

[2] The order dismissing Rickert's complaint is a final, appealable order under rule 9.030(b)(1)(A) because it required Rickert to file a new lawsuit under the different requirements of the Florida Mobile Home Act. *See Hughes v. Universal Prop. & Cas. Ins. Co.*, 374 So. 3d 900, 901 n.2 (Fla. 6th DCA 2023) ("We have jurisdiction because the trial court's order disposed of the Insured's complaint and required her to file a separate lawsuit."); *contrast* § 723.061(1)(a), Fla. Stat. (2024) (five-day notice), *with* § 83.56(3), Fla. Stat. (2024) (three-day notice). And, to the extent the trial court's September 6, 2024 order setting aside Rickert's default final judgment for possession was immediately appealable under rule 9.130(a)(3)(C)(ii) as a nonfinal order determining the right to immediate possession of property (which we do not decide here), Rickert's notice of appeal filed September 25, 2024, would have been sufficient to invoke our jurisdiction. *See, e.g., Home Pipeline Holdings, LLC v. Nicolas*, 420 So. 3d 1128, 1129 (Fla. 3d DCA 2025).

II

Rickert makes several arguments for reversal, one of which we address. Rickert argues it was error for the trial court to set aside his final default judgment because he was entitled to the judgment under section 83.60(2), Florida Statues, when the Valencias did not timely pay into the court registry their September rent when due as alleged in the complaint. The propriety of the trial court's order setting aside the default final judgment under section 83.60(2) presents an issue of statutory interpretation, which we review de novo. *See Joerger v. Lake Alfred Place, LLC*, 398 So. 3d 464, 465 (Fla. 6th DCA 2024); *Ford v. Princeton Groves FL Apartments*, 410 So. 3d 1272, 1275 (Fla. 3d DCA 2025).

In the absence of an authoritative decision from the Florida Supreme Court or our own district, we undertake our interpretive work according to first principles. *See CED Cap. Holdings 2000 EB, LLC v. CTCW-Berkshire Club, LLC*, 363 So. 3d 192, 195 (Fla. 6th DCA 2023). Florida courts "follow the supremacy-of-text principle—namely, the principle that the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 946 (Fla. 2020) (cleaned up) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012)). Thus, we interpret Florida statutes according to the plain meaning of their text, looking to "all the textual and structural clues that bear on the

6

meaning of a disputed text" and using the traditional interpretive canons for guidance where helpful. *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (cleaned up).

III

A

A landlord's action for possession (eviction) under the Florida Residential Landlord and Tenant Act is governed by section 83.59, Florida Statutes, which entitles the landlord to the summary procedure of section 51.011 and advancement of the cause on the trial court's calendar. §§ 83.59(1), (2), Fla. Stat. (2024). The special statutory procedures of section 51.011 include the pleading of defenses: "All defenses of law or fact shall be contained in defendant's answer which shall be filed within 5 days after service of process." § 51.011(1), Fla. Stat. (2024). Relatedly, section 83.60 conditions a tenant's ability to interpose any defense to possession, other than payment, on the tenant's payment into the court registry of the alleged past and future rent due and provides special rules of default upon the tenant's failure to either pay the alleged rent or seek a rent determination from the court:

> In an action by the landlord for possession of a dwelling unit, if the tenant interposes any defense other than payment, including, but not limited to, the defense of a defective 3-day notice, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding, when due. . . . Failure of the tenant to pay the rent into the

7

registry of the court or to file a motion to determine the amount of rent to be paid into the registry within 5 days . . . after the date of service of process constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal of the tenant with a writ of possession to issue without further notice or hearing thereon. . . .

§ 83.60(2), Fla. Stat. (2024). Interpretation of these payment and default provisions of section 83.60(2) governs our decision in this case.

Rickert's complaint alleged past due rent of $500 and future rent due of $500 on the first of each month, beginning September 1, 2024. The Valencias' did not deny any allegation of the complaint in their answer or otherwise plead any "defenses of law or fact," but they did pay the alleged past due rent into the court registry when they answered. The Valencias did not pay into the registry the next $500 due on September 1, as alleged in the complaint, but they did pay $500 into the registry on September 5. By then, however, Rickert had already moved for default judgment under section 83.60(2) for the Valencias' failure to make the September 1 rent payment when due, and the trial court entered the default judgment on September 6, unaware of the September 5 payment. The question we must decide is whether, under section 83.60(2), Rickert was entitled to the immediate default judgment as a matter of law such that the trial court's setting it aside, for no reason other than the September 5 payment, was reversible error. We conclude it was.

8

B

As shown above, section 83.60(2) contains both a conditional payment provision and a default provision. The payment provision puts an if–then condition on a tenant's interposing defenses to an action for possession: "if the tenant interposes any defense other than payment, [then] the tenant shall pay into the registry of the court the accrued rent . . . and the rent that accrues during the pendency of the proceeding, when due." This provision requires payment of "accrued rent," which is already or past due, and "rent that accrues during the pendency of the proceeding," which will be due in the future, and further requires payment of these rents "when due." The amount of past rent due, and the amount and timing of future rent due, are determined by the allegations of the complaint or the court: "the tenant shall pay . . . the accrued rent as alleged in the complaint or as determined by the court and the rent that accrues during the pendency of the proceeding."

To avoid the absolute waiver of defenses and entry of immediate default final judgment for possession, the default provision of section 83.60(2) requires the tenant's election to either pay the rent as alleged in the complaint or file a motion for the court to determine the rent: "Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry . . . constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment for removal

9

of the tenant . . . without further notice or hearing." The question here is whether the default provision—imposing an absolute waiver of defenses and an immediate default judgment without notice upon failure to pay rent into the registry—applies equally to the failure to pay the alleged accrued rent, which is already due, and the failure to pay the alleged future rent when it becomes due. The Valencias paid the $500 in accrued rent alleged by Rickert with their answer to his complaint, but they did not pay the next $500 by September 1, which is the date Rickert alleged the payment to be due. Instead, the Valencias paid the next $500 on September 5, having never denied the alleged September 1 due date in their answer or moved the court to determine a different due date for future rent payments.

The interpretive difficulty in answering this question comes from the time requirement in the default provision:

> Failure of the tenant to pay the rent into the registry of the court or to file a motion to determine the amount of rent to be paid into the registry *within 5 days . . . after the date of service of process* constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default judgment . . . .

§ 83.60(2), Fla. Stat. (emphasis added). The "within 5 days . . . after the date of service" deadline in the default provision can be read to apply both to the "[f]ailure of the tenant to pay the rent into the registry of the court" and the "[f]ailure of the tenant to file a motion to determine the amount of rent to be paid into the registry." On this reading of the text, which is the most natural *in isolation*, the only alleged

10

rent that must be paid into the registry to avoid absolute waiver of defenses and immediate default judgment is the accrued (past due) rent and any future rent that becomes due within five days after service. Rent becoming due more than five days after service would not be subject to the default provision because it would not be paid within five days after service. On this reading of the default provision, if the tenant fails to make a rent payment that becomes due more than five days after service—i.e., the "rent that accrues during the pendency of the proceeding"—there is no absolute waiver of defenses and no special default remedy.[3]

The section 83.60(2) default provision can also be read, however, *in context*, to apply the express "within 5 days . . . after the date of service" deadline only to the filing of a motion to determine rent because deadlines for paying alleged accrued rent and alleged future rent are already supplied by the conditional payment provision of section 83.60(2) and the special pleading requirements of section 51.011(1). Under the conditional payment provision, "the tenant shall pay" rent into the registry of the court "if the tenant interposes any defense," and shall pay the rent "when due." Thus, alleged accrued rent, which is already due, must be paid when the tenant interposes any defense, which must be done by answer filed within five

_____

[3] Without the special immediate default remedy, the landlord would have to seek a judicial default under Florida Rule of Civil Procedure 1.500, requiring an application *with* notice to the tenant, and then seek a judgment of default. *See* Fla. R. Civ. P. 1.010 (applying rules of civil procedure to special statutory proceedings where no special statutory procedure applies).

11

days after service of the complaint. Future rent also must be paid "when due," which is determined by the allegations of the complaint. On this reading, the default provision is triggered if the tenant fails to (1) "pay the rent into the registry of the court"—accrued rent with the answer interposing defenses, and future rent when due according to the complaint, or (2) "file a motion to determine the amount of rent to be paid into the registry within 5 days . . . after the date of service." The failure of the tenant to choose one or the other absolutely waives the tenant's defenses and entitles the landlord to an immediate default final judgment for possession without further notice to the tenant.

The isolated reading of the default provision gives the landlord a special, immediate default remedy when the tenant fails to pay rent already due or becoming due within the first five days after service of the complaint, but not when the tenant fails to pay rent becoming due after that—i.e., "the rent that accrues during the pendency of the proceeding." § 83.60(2), Fla. Stat. But "[c]ontext is a primary determinant of meaning," *Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 324 (Fla. 2022) (quoting Scalia & Garner, *supra*, at 167), and the contextual reading imposes the absolute defense waiver and immediate default remedy for any missed rent payment alleged in the complaint, both at the commencement and during the pendency of the proceeding. And, though both readings of the text are possible, "[a] textually permissible interpretation that furthers rather than obstructs the document's

12

purpose should be favored." *Debose v. State*, 408 So. 3d 33, 39 (Fla. 1st DCA 2024) (quoting Scalia & Garner, *supra*, at 63). This "presumption against ineffectiveness" canon "follows inevitably from the facts that (1) interpretation always depends on context, (2) context always includes evident purpose, and (3) evident purpose always includes effectiveness." *State v. Demons*, 351 So. 3d 10, 16 (Fla. 4th DCA 2022) (quoting Scalia & Garner, *supra*, at 63). An evident purpose of section 83.60(2) is "requiring a tenant to continue to pay rent while defending against an eviction action." *1560-1568 Drexel Ave., LLC v. Dalton*, 320 So. 3d 965, 969 (Fla. 3d DCA 2021); *see also RSG, LLC v. Lenet*, 107 So. 3d 1187, 1189 (Fla. 3d DCA 2013) ("[P]ayment of the rent into the registry is the statutory requirement for continued occupancy while the eviction case is prosecuted and decided."); *First Hanover v. Vazquez*, 848 So. 2d 1188, 1190 (Fla. 3d DCA 2003) ("[T]enants in actions for possession for non-payment of rent are obligated to pay rent as a condition to remaining in possession irrespective of their defenses and counterclaims."). Thus, the contextual reading "is the only reasonable interpretation . . . that honors the whole text and 'furthers rather than obstructs the document's purpose.'" *Thompson v. DeSantis*, 301 So. 3d 180, 187 (Fla. 2020) (quoting Scalia & Garner, *supra*, at 63).[4]

---

[4] The contextual reading is also supported by the statutory history of section 83.60(2). *See Progressive Express Ins. Co. v. SimonMed Imaging*, 363 So. 3d 1196, 1201 n.3 (Fla. 6th DCA 2023) ("As distinguished from 'legislative history,' i.e. the hearings, committee reports, and debates leading up to the enactment of a statute, 'statutory history' refers to the statutes repealed or amended by the statute under

13

C

Application of our interpretation of the default provision of section 83.60(2)

is straightforward in this case. When the Valencias were served with Rickert's

complaint seeking possession under the Florida Residential Landlord and Tenant

_____

consideration."). Prior to its 1993 amendments, the conditional payment and default provisions of section 83.60(2) provided, in pertinent part:

> [I]f the tenant interposes any defense other than payment, the tenant shall pay into the registry of the court the accrued rent as alleged in the complaint or as determined by the court and the rent which accrues during the pendency of the proceeding, when due. . . . Failure of the tenant to pay the rent into the registry of the court as provided herein constitutes an absolute waiver of the tenant's defenses other than payment, and the landlord is entitled to an immediate default without further notice or hearing thereon.

Ch. 93-255, § 7, Laws of Fla. The pre-1993 version of the default provision did not include any express deadline for the tenant's payment of rent into the court registry but, instead, conditioned the immediate default on the tenant's failure to pay rent into the registry "as provided herein." There is no question that, under this version, any failure to pay accrued rent or future rent triggered immediate default. The pre-1993 version also contemplated court determination of rent but did not provide express requirements for motions to determine rent. The 1993 amendments added requirements for both the timing ("within 5 days . . . after the date of service") and the content ("documentation . . . that the rent as alleged in the complaint is in error") of motions to determine rent. *Id.* Neither the pre-1993 nor the current version of section 83.60(2) needed to include rent payment deadlines in the default provision because those deadlines have always been provided elsewhere in the statutory scheme. Thus, it is reasonable to read the 1993 amendments to the default provision as adding the express five-days-after-service deadline only for motions to determine rent and not for payments of rent into the registry, some of which must necessarily occur more than five days after service of the complaint.

14

Act, alleging $500 due for August rent and $500 due monthly going forward, beginning September 1, the Valencias' choices under section 83.60(2) were to pay into the court registry the rent as alleged in the complaint or file a motion to determine the rent due.[5] The Valencias paid the alleged August rent of $500 into the registry with their answer, and filed no motion to determine the future rent due. When the Valencias failed to pay the next $500 due on September 1, as alleged in the complaint, not having filed a timely motion to determine rent, their failure to pay the rent constituted an absolute waiver of their defenses (other than payment) and entitled Rickert to an immediate default judgment for possession without further notice, which the trial court properly awarded on Rickert's motion. The Valencias' late payment of $500 on September 5 did not affect Rickert's right to the immediate default judgment he had already obtained. Thus, the trial court erred when it sua sponte vacated the judgment based on the payment alone. The court committed further error by allowing the Valencias to interpose a wrong-statute defense after they had absolutely waived all defenses other than payment as a matter of law.

---

[5] Because it was not raised by the Valencias below or on appeal, we do not decide whether Rickert's action for possession of a *lot* in his park was properly brought under the Florida Residential Landlord and Tenant Act, which "applies to the rental of a dwelling unit." § 83.41, Fla. Stat. (2024); *see* § 83.43(5), Fla. Stat. (defining "dwelling unit" as a "structure or part of a structure" rented as a home or furnished by an employer, or a "mobile home."); *see also Abrams v. Paul*, 453 So. 2d 826, 827 (Fla. 1st DCA 1984) ("Whether the allegations of a complaint which are deemed admitted due to the entry of a default state a cause of action is, as with any other disputed legal issue, preliminarily for the trial court to consider.").

IV

We reverse (1) the September 6, 2024 order setting aside Rickert's default final judgment of eviction, (2) the September 10, 2024 order setting aside the September 9, 2024 order vacating the September 6, 2024 order, and (3) the September 24, 2024 order dismissing Rickert's eviction complaint. We remand for further proceedings on the reinstated final judgment consistent with this opinion.

REVERSED and REMANDED with instructions.

SMITH and BROWNLEE, JJ., concur.

Sheryl A. Edwards, of The Edwards Law Firm, PL, Sarasota, for Appellant.

Appellee Karen Valencia, Wauchula, pro se.

No Appearance for other Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED